COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-282-CV

 

 

IN THE INTEREST OF G.C.F., A CHILD                                                    

 

 

                                              ------------

 

            FROM
THE 158TH  DISTRICT COURT
OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

In three points, Appellant
Fabian F. appeals the termination of his parental rights to G.C.F.  We affirm. 


II. Factual and Procedural
Background








Fabian and G.C.F.=s mother, Tammy B., met and began dating on February 18, 2004.  In late 2004 or early 2005 their relationship
became violent.  Tammy testified that in
October or November 2004, Fabian backhanded her in a car and broke her
jaw.  After being struck Tammy exited the
vehicle, and Fabian hit her in the leg with the car.  Furthermore, during another altercation
Fabian broke one of Tammy=s teeth when
he slapped her. During yet another incident both Fabian and Tammy were drinking
and arguing. After Fabian grabbed and slapped her, Tammy stabbed him.

Tammy ultimately pleaded
guilty to misdemeanor assault for stabbing Fabian and spent six months in
jail.  While in jail, Tammy discovered
she was pregnant with G.C.F.  On July 24,
2005, Fabian started an argument with Tammy while he was intoxicated and hit
her on the head and the side of her face. 
Fabian was thereafter arrested for public intoxication.  Tammy also testified that she appeared for a
hearing with a black eye she received from Fabian.  Fabian himself testified that he had slapped
Tammy because she Aha[d] a of
way of taking money out of [his] wallet and buying things she don=t need.@

G.C.F. was born on August 18,
2005, in Denton, Texas.  G.C.F. was
immediately transferred by CareFlite to Cook=s Children=s in Fort
Worth, Texas and put on a respirator. 
The Texas Department of Family and Protective Services (ATDFPS@ or Athe State@) subsequently
filed a petition for protection, conservatorship, and termination on August 26,
2005.








Tammy also stated that
several violent incidents occurred in December 2005.  Specifically, on December 29, 2005, an
intoxicated Fabian ripped the phone out of the wall and threw her down on the
floor, breaking two of her ribs and bursting one of her lungs.  Fabian was subsequently incarcerated for that
incident.

At trial, there was evidence
introduced that Fabian had an alcohol problem. 
Tammy testified that Fabian drank until he passed out two to three times
a week.  Counselor Gail Spagnola
testified that Fabian drank before attending a court-ordered counseling session
and that before the session began he heard Fabian screaming, cursing, and Abanging@ against the
side of the building. TDFPS worker Michelle Giza testified that Fabian smelled
of alcohol at a court hearing concerning G.C.F. 
Fabian was twice convicted for DWI and could not remember how many times
he had been arrested for public intoxication.

There was also evidence that
Fabian enabled Tammy=s drinking
during her pregnancy with G.C.F.  Fabian
testified that he knew Tammy drank during her pregnancy with G.C.F. and that he
would purchase alcohol and leave it at home with her while he went to
work.  He claimed he could not control
what Tammy consumed while he was at work. 
Moreover, Fabian continued to purchase alcohol despite knowing Tammy=s drinking jeopardized G.C.F.=s health. 








In addition to his family
violence and alcohol problems, Fabian has had other experiences with the
criminal justice system.  Fabian was
adjudicated guilty and incarcerated from 1999 to 2003 for sexually assaulting a
fourteen-year-old girl in 1997. 
Moreover, in 2006, Fabian was convicted for failing to register as a sex
offender.

A final hearing on the
termination of Fabian=s parental
rights began on July 31, 2006.  A jury
rendered a verdict terminating the parental rights of both Fabian and Tammy.[2]  The jury answered Ayes@ to each of
the alleged grounds for termination against Fabian.  This appeal followed.  

III. Termination of Parental
Rights








A parent=s rights to Athe
companionship, care, custody, and management@ of his or her children are constitutional interests Afar more precious than any property right.@  Santosky v. Kramer, 455
U.S. 745, 758!59, 102 S. Ct. 1388, 1397 (1982); In re M.S., 115 S.W.3d 534,
547 (Tex. 2003).  AWhile parental rights are of constitutional magnitude, they are not
absolute.  Just as it is imperative for
courts to recognize the constitutional underpinnings of the parent-child
relationship, it is also essential that emotional and physical interests of the
child not be sacrificed merely to preserve that right.@  In re C.H., 89 S.W.3d
17, 26 (Tex. 2002).  In a termination
case, the State seeks not just to limit parental rights but to end them
permanentlyCto divest
the parent and child of all legal rights, privileges, duties, and powers
normally existing between them, except for the child=s right to inherit.  TEX. FAM. CODE ANN. ' 161.206(b) (Vernon Supp. 2006); Holick v. Smith, 685 S.W.2d
18, 20 (Tex. 1985).  We strictly
scrutinize termination proceedings and strictly construe involuntary
termination statutes in favor of the parent. 
Holick, 685 S.W.2d at 20!21; In re
E.S.S., 131 S.W.3d 632, 636 (Tex. App.CFort Worth 2004, no pet.).

In proceedings to terminate
the parent‑child relationship brought under section 161.001 of the family
code, the petitioner must establish one ground listed under subdivision (1) of
the statute and must also prove that termination is in the best interest of the
child.  TEX. FAM. CODE ANN. ' 161.001; In
re J.L., 163 S.W.3d 79, 84 (Tex. 2005). 
Both elements must be established; termination may not be based solely
on the best interest of the child as determined by the trier of fact.  Tex. Dep=t of Human Servs. v. Boyd, 727 S.W.2d
531, 533 (Tex. 1987).








Termination of parental
rights is a drastic remedy and is of such weight and gravity that due process
requires the petitioner to justify termination by clear and convincing
evidence.  TEX. FAM. CODE ANN. '' 161.001, 161.206(a); In re J.F.C., 96 S.W.3d 256, 263 (Tex.
2002).  This intermediate standard falls
between the preponderance standard of ordinary civil proceedings and the
reasonable doubt standard of criminal proceedings.  In re G.M., 596 S.W.2d 846, 847 (Tex.
1980); In re K.W., 138 S.W.3d 420, 425 (Tex. App.CFort Worth 2004, pet. denied). 
It is defined as the Ameasure or degree of proof that will produce in the mind of the trier
of fact a firm belief or conviction as to the truth of the allegations sought
to be established.@  Tex.
Fam. Code Ann. ' 101.007
(Vernon 2002). 

IV. Admission of Evidence

In his first point, Fabian
asserts that the trial court erred by admitting evidence of his past conduct
that was irrelevant and unduly prejudicial to his substantial rights.  We disagree. 


A. Standard of Review








We review the admission of
evidence for abuse of discretion.  See
In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005).  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241!42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.  Id.

An abuse of discretion does
not occur where the trial court bases its decisions on conflicting
evidence.  In re Barber, 982
S.W.2d 364, 365 (Tex. 1998) (orig. proceeding). 
Furthermore, an abuse of discretion does not occur as long as some
evidence of substantive and probative character exists to support the trial
court=s decision.  Butnaru v. Ford
Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).

B. Rodderick Scott=s Indictment

Fabian first complains that
the trial court erred by admitting the indictment of Roderick Scott.  There was evidence that Scott was a friend of
Tammy=s.  The State asked Tammy about
an aggravated assault committed by Scott that she witnessed.  Tammy acknowledged that she knew Scott had
been sentenced to ten years in prison for the offense.  There was also testimony indicating that
Tammy and Scott were once romantically involved.  Moreover, Tammy  claimed Scott was a Agood person@ and that
they would remain friends after he was released from jail. 








The purpose of the trial was
to determine whether to terminate the parental rights of both Tammy and
Fabian.  It is obvious from Tammy=s own testimony that she associated with Scott.  To determine whether termination is
necessary, courts may look to parental conduct both before and after the child=s birth.  In re R.W., 129
S.W.3d 732, 739 (Tex. App.CFort Worth 2004, pet. denied). 
Thus, the admission of Scott=s indictment was relevant to material issues in the trial, whether
Tammy engaged in a course of conduct that endangered G.C.F.=s physical or emotional well-being and whether it was in G.C.F.=s best interest to terminate Tammy=s parental rights.  Relevant
evidence is admissible.  Tex. R. Evid. 402.  Accordingly, the trial court did not abuse its
discretion by admitting this evidence and we overrule this portion of Fabian=s first point.  

C. Fabian=s Indictment and Judgment for Failing to Register 








Fabian next argues that the
trial court erred by admitting exhibits of his conviction for failing to
register as a sex offender.  At trial,
Fabian objected to this evidence on three different grounds: bolstering, cumulative,
and relevance. Fabian concedes in his brief that a felony conviction is admissible
under rule 609.  See Tex. R. Evid. 609 (impeachment of
evidence of conviction of crime).  On appeal Fabian now asserts that the
admission of this evidence was more prejudicial than probative.  See Tex.
R. Evid. 403.  The complaint on
appeal must be the same as that presented in the trial court.  See Banda v. Garcia, 955 S.W.2d
270, 272 (Tex. 1997).  An appellate court
cannot reverse based on a complaint not raised in the trial court.  Id.  Therefore, we overrule this portion of Fabian=s first
point.  

D. Fabian=s Indictment and
Adjudication of Guilt for Sexual Assault      

In the next part of his first
point Fabian asserts that the trial court erred by admitting documents
pertinent to his 1998 probation and subsequent adjudication of guilt for sexual
assault.  Evidence of Fabian=s sexual assault was admissible under rule 609.  See Tex. R.
Evid.
609 .  This 1998 conviction fell squarely within the rule=s ten year provision.  See id. at 609(b).  Furthermore, Fabian
himself testified that the victim of that offense was fourteen-years-old.  Evidence of an inappropriate sexual
relationship with a minor may also be considered in determining if the parent
engaged in conduct that endangered the emotional or physical well‑being
of the child.  R.W., 129 S.W.3d at
739.  Thus, it was not an abuse of
discretion for the trial court to admit this evidence.  We overrule this part of Fabian=s first point.  

E. Fabian=s Community Supervision for Driving While Intoxicated








In this portion of his first
point Fabian claims the trial court erred by admitting his 1996 judgment of
community supervision for DWI.[3]  Fabian claims that he objected under Texas
Rules of Evidence 401, 402, 403, and 609. 
However, a review of the record indicates that when the State sought
admission of exhibit 11, Fabian=s affirmatively stated Ano objection.@

To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling, if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P. 33.1(a); see
also Tex. R. Evid.
103(a)(1).  If a party fails to do this,
error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g). 
Becuase Fabian did not object to the admission of
exhibit 11, we hold the trial court did not err by admitting that exhibit.  Accordingly, we overrule this part of Fabian=s first point.  

F. Testimony of TDFPS
Caseworker Leslie Kies








Also under his first point,
Fabian claims the trial court erred by admitting Kies=s testimony, which established Fabian=s lack of compliance with the State=s service plan counseling sessions. 
At trial, Fabian objected on hearsay grounds and argued that Kies had
not established personal knowledge. 
Fabian=s objection
was overruled.  The State does not
address whether the trial court erred by overruling Fabian=s objection, but instead argues that the admission of evidence was
harmless because the same evidence was admitted elsewhere without
objection.  We agree.

Error in admitting evidence
is generally harmless if the contested evidence is merely cumulative of
properly admitted evidence.  In re
W.J.H, 111 S.W.3d 707, 714 (Tex. App.CFort Worth 2003, pet. denied). 
Evidence that Fabian did not attend the required counseling sessions
came in without objection at other points in the trial.  Fabian himself testified that he only
attended one counseling session. 
Moreover, the counselor, Spagnola, also testified that Fabian came to
only one counseling session and then never contacted her again.  Thus, even if the trial court did err by
admitting Kies=s testimony,
such error was harmless.  Consequently, we
overrule this portion of Fabian=s first point.

G. Tammy=s Testimony

Fabian next argues that the
trial court erred by allowing Tammy to testify as to Fabian=s compliance with his service plan. 
The portion of testimony complained of was as follows:

Q.
[State] And do you feel like he [Fabian] made a real effort to get any services
done during the time before he --

 

Mr.
Zellmer [Fabian=s
counsel]: Objection, your Honor, relevance. 
How she feels is irrelevant.

 

Mr.
Brown [Tammy=s
counsel]: I=ll
join the objection. 








 

[State]: I can rephrase, Judge. 

 

Q.
[State] Did [Fabian] appear to be making an effort to get those services done
that were ordered by the court?

 

Mr.
Zellmer [Fabian=s
counsel]: Your honor, same objection.  It=s
basically going to her -- appear would be her opinion.  She=s not qualified to give that
opinion, and it=s not
relevant.  Her opinion is not relevant.  

 

The
Court: I think that each of these Respondent=s attitude toward the other
and how they=re
trying to -- what they=re
trying to do as far as a service plan is relevant.  Overruled.

 

It is clear from the trial
testimony that Tammy and Fabian were involved in a relationship and were living
together.  Thus, Tammy had the requisite
personal knowledge under rule 602 to testify whether Fabian was complying with
his service plan.  See Tex. R. Evid. 602.  Moreover, whether Fabian had complied with
his service plan was certainly relevant to whether his parental rights should
be terminated.  See Tex. R. Evid. 401, 402.  Therefore, the trial court did not
abuse its discretion by admitting this portion Tammy=s testimony.  We overrule this
part of Fabian=s first
point.     

H. Result

Having addressed each of
Fabian=s evidentiary complaints and resolved them in favor of the State, we
overrule Fabian=s first
point in its entirety.   

 








V. Legal and Factual Sufficiency

Fabian=s third point contains two contentions.  He first claims that the trial court erred by
overruling his objections to certain jury charge questions because there was
insufficient factual evidence to present those questions.  He then argues that the evidence is legally
and factually insufficient to support the jury=s verdict.  

A. Standards of Review 

The standard of review for
error in a jury charge is abuse of discretion.  In re V.L.K., 24 S.W.3d 338, 341 (Tex.
2000).  Again, we must decide whether the
trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Downer, 701 S.W.2d at 241!42.  Legal and factual sufficiency are relevant
factors in assessing whether the trial court abused its discretion.  Beaumont Bank v. Buller, 806 S.W.2d
223, 226 (Tex. 1991); Tex. Dep=t of Health v. Buckner, 950 S.W.2d
216, 218 (Tex. App.CFort Worth
1997, no writ).








The higher burden of proof in
termination cases elevates the appellate standard of legal sufficiency review.  J.F.C., 96 S.W.3d at 265.  The traditional no-evidence standard does not
adequately protect the parent=s constitutional interests.  Id.
 In reviewing the evidence for legal
sufficiency in parental termination cases, we must determine whether the
evidence is such that a factfinder could reasonably form a firm belief or
conviction that the grounds for termination were proven.  Id. at 265B66.  We must review all the
evidence in the light most favorable to the finding and judgment.  Id. at 266.  This means that we must assume that the
factfinder resolved any disputed facts in favor of its finding if a reasonable
factfinder could have done so.  Id.  We must also disregard all evidence that a
reasonable factfinder could have disbelieved. 
Id.  We must consider,
however, undisputed evidence even if it is contrary to the finding.  Id. 
That is, we must consider evidence favorable to termination if a
reasonable factfinder could, and disregard contrary evidence unless a
reasonable factfinder could not.  City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).








This higher burden of proof
also elevates the appellate standard of factual sufficiency review.  C.H., 89 S.W.3d at 25.  A[A] finding that must be based on clear and convincing evidence cannot
be viewed on appeal the same as one that may be sustained on a mere
preponderance.@  C.H., 89 S.W.3d at 25.  In considering whether the evidence of
termination rises to the level of being clear and convincing, we must determine
whether the evidence is such that a factfinder could reasonably form a firm
belief or conviction that the grounds for termination were proven.  Id. 
Our inquiry here is whether, on the entire record, a factfinder could
reasonably form a firm conviction or belief that the parent violated section
161.001(1)(D), (E), (L), or (O) and that the termination of the parent=s parental rights would be in the best interest of the child.  Id. at 28.

The distinction between legal
and factual sufficiency lies in how we review the evidence.  J.F.C., 96 S.W.3d at 266.  In a factual sufficiency review, in
determining whether the evidence is such that a factfinder could reasonably
form a firm belief or conviction that its finding was true, we must consider
whether disputed evidence is such that a reasonable factfinder could not have
resolved it in favor of the finding.  Id.  If, in light of the entire record, the
disputed evidence that a reasonable factfinder could not have credited in favor
of the finding is so significant that a factfinder could not reasonably have
formed a firm belief or conviction in the truth of its finding, then the
evidence is factually insufficient.  Id.  If we reverse on factual sufficiency grounds,
then we must detail in our opinion why we have concluded that a reasonable
factfinder could not have credited disputed evidence in favor of its finding.  Id. at 266!67.

B. Jury Charge Questions 








The jury charge questions
that involved Fabian were numbers 5, 6, 7, 8, and 9.  In his statement of points, Fabian claimed
there was insufficient evidence for all five questions.  However, at trial Fabian did not object to
questions 6 or 9.  Question 6 concerned
whether Fabian had engaged in conduct which endangered the physical or
emotional well-being of G.C.F. Question 9 involved whether the termination of
the parent-child relationship between Fabian and G.C.F. was in G.C.F.=s best interest.

A party objecting to a charge
must point out distinctly the objectionable matter and the grounds of the
objection.  Tex. R. Civ. P. 274.  Any complaint as to a question, definition,
or instruction, on account of any defect, omission, or fault in pleading, is
waived unless specifically included in the objections.  Id.; see also Tex. R. App. P. 33.1(a).  Moreover, the constitutional dimension of the
parent‑child relationship does not automatically override the procedural
requirements for error preservation.  See
In re B.L.D., 113 S.W.3d 340, 354 (Tex. 2003), cert. denied, 541
U.S. 945 (2004).  With only a few
recognized exceptions, even constitutional complaints are waived if not
properly preserved.  See id. at
350.  Recently, the Texas Supreme Court
reiterated that the rules governing error preservation must be followed in
cases involving termination of parental rights, as in other cases in which a
complaint is based on constitutional error. 
See In re K.A.F., 160 S.W.3d 923, 928 (Tex.), cert. denied,
126 S. Ct. 483 (2005).  Because Fabian
did not object that there was insufficient evidence to submit questions 6 and 9
to the jury, those complaints have not been preserved for our review.








 

 

C. Sufficiency 

As stated above, Fabian
contends that there was insufficient evidence to submit the questions to the
jury.  Furthermore, Fabian contends that
there was legally and factually insufficient evidence to support the jury=s verdict as to all five jury charge questions.[4]  Because both of these complaints necessarily
involve a review of the evidence, we shall consolidate our discussion of
them.              1.
Jury Charge Questions 5 and 6 








Question 5 asked whether
there was clear and convincing evidence that Fabian knowingly placed or
knowingly allowed G.C.F. to remain in conditions or surroundings which
endangered the physical or emotional well-being of the child.  See Tex.
Fam. Code Ann. '
161.001(1)(D).  Question 6 asked whether
there was clear and convincing evidence that Fabian engaged in conduct which
endangered the physical and emotional well-being of G.C.F.  See id. ' 161.001(1)(E).  The jury
answered in the affirmative to both questions. 
      To determine whether
termination is necessary, courts may look to parental conduct both before and
after the child=s birth.  R.W. 129 S.W.3d at 738.  As detailed above, there was significant
evidence of Fabian=s extensive
history of domestic violence and alcohol abuse. 

After reviewing all the
evidence in the light most favorable to the finding and judgment, we hold that
there was legally sufficient evidence to support the jury=s verdicts on both questions 5 and 6. 
Likewise, in light of the entire record, we hold that there was
factually sufficient evidence for the jury=s verdict for questions 5 and 6. 
Because there was legally and factually sufficient evidence of the
grounds for termination submitted to the jury in question 5, we hold that the
trial court did not abuse its discretion by submitting jury charge question
5.    

2. Jury Charge Question
7 








Question 7 asked whether
there was clear and convincing evidence that Fabian failed to comply with the
provisions of a court order that specifically established the actions necessary
for the return of G.C.F., who had been in the managing conservatorship of TDFPS
for not less than nine months as a result of the child=s removal from the parent for abuse or neglect.  See Tex.
Fam. Code Ann. '
161.001(1)(O).  Again, the jury answered
in the affirmative.  Fabian argues that
there was insufficient evidence to present this question to the jury and
insufficient evidence to support the jury=s verdict against him on this question.

As discussed above, there was
testimony from a number of different parties that indicated that Fabian had not
complied with his service plan.  In fact,
Fabian himself even testified that had attended only one of the required
counseling sessions.  In light of this
testimony, we hold that there was legally and factually sufficient evidence to
support the jury=s verdict on
this question and that the trial court did not abuse its discretion by
submitting this question to the jury.

3. Jury Charge Question
9 

Question 9 asked whether
there was clear and convincing evidence that the termination of the
parent-child relationship between Fabian and G.C.F. was in G.C.F.=s best interest.  See id. ' 161.001(2).  The jury answered Ayes.@ Fabian=s only mention of question 9 in his brief is that Athe trial did not directly address the best interests of G.C.F.@








However, both CASA advocate
Theresa White and Kies testified that it was in G.C.F.=s best interest to terminate Fabian=s parental rights.  In light of
this testimony and the evidence of Fabian=s domestic violence history, alcohol problems, and incarceration at
the time of trial, we hold that there was legally and factually sufficient
evidence to support the jury=s verdict that termination was in G.C.F.=s best interest.       

4. Result 

Having resolved each of
Fabian=s contentions, we overrule his third point. 

VI. Motion for Mistrial 

In his second point, Fabian
argues that the trial court erred by denying his motion for a mistrial.  Fabian=s complaint on appeal is based on a number of questions asked of him
by the State on cross-examination to which he objected as argumentative.  Many of these objections were sustained by
the trial court.  However, only once did
Fabian ask for an instruction to disregard. 
Fabian then moved for a mistrial Abased on the cumulative effect of the argumentative questions we have
had throughout this trial.@  His motion was denied.  








Fabian also contends on
appeal that the State=s
argumentative questions constituted incurable argument such that an instruction
to disregard was not required to preserve error.  For this proposition Fabian cites Standard
Fire Ins. Co. v. Reese, 584 S.W.2d 835, 839B40 (Tex. 1979) and Otis Elevator v. Wood, 436 S.W.2d 324, 332B33 (Tex. 1968).  However, both
of these cases involve the propriety of an attorney=s argument, not his or her argumentative questioning of
a witness.  See Standard Fire, 584
S.W.2d at 839B40; Otis
Elevator, 436 S.W.2d at 332B33.  It appears that Fabian is
attempting to equate improper argumentative questioning to improper jury
argument.  However, Fabian has cited us
to no authority, nor have we found any, that has held that the argumentative
questioning of a witness is akin to incurable jury argument.  Thus, we hold that the argumentative
cross-examination of Fabian by the State did not constitute incurable argument.  

To preserve error for
appellate review, an appellant must make a timely, specific objection, and
obtain an adverse ruling.  Tex. R. App. P. 33.1.  Here Fabian=s objections to the State=s argumentative questions were sustained and he only once requested an
instruction to disregard, thus he failed to obtain an adverse ruling on most of
the State=s
questions.  Furthermore, we see no reason
why any harm caused the State=s questioning could not have been cured by an instruction to
disregard.  Thus, Fabian did not preserve
those questions for our review.             


As noted above Fabian only
once requested an instruction to disregard and only made one motion for a
mistrial.  We review the denial of a
motion for a mistrial by an abuse of discretion standard.  See Schlafly v. Schlafly, 33 S.W.3d
863, 868 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).  Again,
we must decide whether the trial court acted without reference to any guiding
rules or principles; in other words, we must decide whether the act was
arbitrary or unreasonable.  Downer,
701 S.W.2d at 241!42.  








The questioning preceding
Fabian=s motion for a mistrial was indeed argumentative.  However, we have no reason to believe that
any harm caused by that questioning was not cured by the trial court=s instruction to disregard. 
Therefore, we cannot conclude that the trial court abused its discretion
by denying Fabian=s motion for
a mistrial.  We overrule Fabian=s second point.    

VII. Conclusion

Having overruled Fabian=s three points, we affirm the trial court=s judgment.      

 

PER CURIAM

 

PANEL F:    MCCOY, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
April 5, 2007

 

 











[1]See Tex. R. App. P. 47.4.





[2]Tammy
is not a party to this appeal.  





[3]We
note that Fabian=s
discussion focuses on the 1996 judgment for which he received community
supervision, which was petitioner=s exhibit 11.  However, Fabian=s
heading for this section references petitioner=s
exhibit 12, a 1988 judgment of conviction and sentence for which he received
probation.  





[4]Jury
question 8 involved whether Fabian>s previous conviction for
sexual assault of a fourteen-year-old girl involved serious injury of a
child.  Because we find legally and
factually sufficient evidence to support the jury=s
verdict to terminate on three other grounds, we need not reach Fabian=s
sufficiency argument regarding question 8. 
See In re B.K.D., 131 S.W.3d 10, 16 (Tex. App.CFort
Worth 2003, pet. denied) (only one statutory ground and best interest finding
needed to support verdict of termination).