COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-282-CV

IN THE INTEREST OF G.C.F., A CHILD 

------------

FROM THE 158TH
  DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In three points, Appellant Fabian F. appeals the termination of his parental rights to G.C.F.  We affirm.  

II. Factual and Procedural Background

Fabian and G.C.F.’s mother, Tammy B., met and began dating on February 18, 2004.  In late 2004 or early 2005 their relationship became violent.  Tammy testified that in October or November 2004, Fabian backhanded her in a car and broke her jaw.  After being struck Tammy exited the vehicle, and Fabian hit her in the leg with the car.  Furthermore, during another altercation Fabian broke one of Tammy’s teeth when he slapped her. During yet another incident both Fabian and Tammy were drinking and arguing. After Fabian grabbed and slapped her, Tammy stabbed him.

Tammy ultimately pleaded guilty to misdemeanor assault for stabbing Fabian and spent six months in jail.  While in jail, Tammy discovered she was pregnant with G.C.F.  On July 24, 2005, Fabian started an argument with Tammy while he was intoxicated and hit her on the head and the side of her face.  Fabian was thereafter arrested for public intoxication.  Tammy also testified that she appeared for a hearing with a black eye she received from Fabian.  Fabian himself testified that he had slapped Tammy because she “ha[d] a of way of taking money out of [his] wallet and buying things she don’t need.”

G.C.F. was born on August 18, 2005, in Denton, Texas.  G.C.F. was immediately transferred by CareFlite to Cook’s Children’s in Fort Worth, Texas and put on a respirator.  The Texas Department of Family and Protective Services (“TDFPS” or “the State”) subsequently filed a petition for protection, conservatorship, and termination on August 26, 2005.

Tammy also stated that several violent incidents occurred in December 2005.  Specifically, on December 29, 2005, an intoxicated Fabian ripped the phone out of the wall and threw her down on the floor, breaking two of her ribs and bursting one of her lungs.  Fabian was subsequently incarcerated for that incident.

At trial, there was evidence introduced that Fabian had an alcohol problem.  Tammy testified that Fabian drank until he passed out two to three times a week.  Counselor Gail Spagnola testified that Fabian drank before attending a court-ordered counseling session and that before the session began he heard Fabian screaming, cursing, and “banging” against the side of the building. TDFPS worker Michelle Giza testified that Fabian smelled of alcohol at a court hearing concerning G.C.F.  Fabian was twice convicted for DWI and could not remember how many times he had been arrested for public intoxication.

There was also evidence that Fabian enabled Tammy’s drinking during her pregnancy with G.C.F.  Fabian testified that he knew Tammy drank during her pregnancy with G.C.F. and that he would purchase alcohol and leave it at home with her while he went to work.  He claimed he could not control what Tammy consumed while he was at work.  Moreover, Fabian continued to purchase alcohol despite knowing Tammy’s drinking jeopardized G.C.F.’s health. 

In addition to his family violence and alcohol problems, Fabian has had other experiences with the criminal justice system.  Fabian was adjudicated guilty and incarcerated from 1999 to 2003 for sexually assaulting a fourteen-year-old girl in 1997.  Moreover, in 2006, Fabian was convicted for failing to register as a sex offender.

A final hearing on the termination of Fabian’s parental rights began on July 31, 2006.  A jury rendered a verdict terminating the parental rights of both Fabian and Tammy.
(footnote: 2)  The jury answered “yes” to each of the alleged grounds for termination against Fabian.  This appeal followed.  

III. Termination of Parental Rights

A parent’s rights to “the companionship, care, custody, and management” of his or her children are constitutional interests “far more precious than any property right.”  
Santosky v. Kramer
, 455 U.S. 745, 758−59, 102 S. Ct. 1388, 1397 (1982); 
In re M.S.
, 115 S.W.3d 534, 547 (Tex. 2003).  
“While parental rights are of constitutional magnitude, they are not absolute.  Just as it is imperative for courts to recognize the constitutional underpinnings of the parent-child relationship, it is also essential that emotional and physical interests of the child not be sacrificed merely to preserve that right.”  
In re C.H.
, 89 S.W.3d 17, 26 (Tex. 2002).  In a termination case, the State seeks not just to limit parental rights but to end them permanently—to divest the parent and child of all legal rights, privileges, duties, and powers normally existing between them, except for the child’s right to inherit.  
T
EX
. F
AM
. C
ODE
 A
NN
. § 161.206(b) (Vernon Supp. 2006); 
Holick v. Smith
, 685 S.W.2d 18, 20 (Tex. 1985).  We strictly scrutinize termination proceedings and strictly construe involuntary termination statutes in favor of the parent.  
Holick
, 685 S.W.2d at 20
−
21;
 In re E.S.S.
, 131 S.W.3d 632, 636 (Tex. App.—Fort Worth 2004, no pet.).

In proceedings to terminate the parent-child relationship brought under section 161.001 of the family code, the petitioner must establish one ground listed under subdivision (1) of the statute and must also prove that termination is in the best interest of the child.  T
EX.
 F
AM.
 C
ODE
 A
NN.
 § 161.001; 
In re J.L.
, 163 S.W.3d 79, 84 (Tex. 2005).  Both elements must be established; termination may not be based solely on the best interest of the child as determined by the trier of fact.  
Tex. Dep’t of Human Servs. v. Boyd
, 727 S.W.2d 531, 533 (Tex. 1987).

Termination of parental rights is a drastic remedy and is of such weight and gravity that due process requires the petitioner to justify termination by clear and convincing evidence.  T
EX
. F
AM
. C
ODE
 A
NN
. §§
 161.001, 161.206(a); 
In re J.F.C.
, 96 S.W.3d 256, 263 (Tex. 2002).  This intermediate standard falls between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. 
 
In re G.M.
, 596 S.W.2d 846, 847 (Tex. 1980); 
In re K.W.
, 138 S.W.3d 420, 425 (Tex. App.—Fort Worth 2004, pet. denied).  It is defined as the “measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.”  
Tex. Fam. Code Ann.
 § 101.007 (Vernon 2002).
 

IV. Admission of Evidence

In his first point, Fabian asserts that the trial court erred by admitting evidence of his past conduct that was irrelevant and unduly prejudicial to his substantial rights.  We disagree.  

A. Standard of Review

We review the admission of evidence for abuse of discretion.  
See In re J.P.B.
, 180 S.W.3d 570, 575 (Tex. 2005).  To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241−42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  
Id
.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence.  
In re Barber
, 982 S.W.2d 364, 365 (Tex. 1998) (orig. proceeding).  Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court’s decision.  
Butnaru v. Ford Motor Co.
, 84 S.W.3d 198, 211 (Tex. 2002).

B. Rodderick Scott’s Indictment

Fabian first complains that the trial court erred by admitting the indictment of Roderick Scott.  There was evidence that Scott was a friend of Tammy’s.  The State asked Tammy about an aggravated assault committed by Scott that she witnessed.  Tammy acknowledged that she knew Scott had been sentenced to ten years in prison for the offense.  There was also testimony indicating that Tammy and Scott were once romantically involved.  Moreover, Tammy  claimed Scott was a “good person” and that they would remain friends after he was released from jail. 

The purpose of the trial was to determine whether to terminate the parental rights of both Tammy and Fabian.  It is obvious from Tammy’s own testimony that she associated with Scott.  To determine whether termination is necessary, courts may look to parental conduct both before and after the child’s birth.  
In re R.W.
, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied).  
Thus, the admission of Scott’s indictment was relevant to material issues in the trial, whether Tammy engaged in a course of conduct that endangered G.C.F.’s physical or emotional well-being and whether it was in G.C.F.’s best interest to terminate Tammy’s parental rights.  Relevant evidence is admissible.  
Tex. R. Evid.
 402.  Accordingly, the trial court did not abuse its discretion by admitting this evidence and we overrule this portion of Fabian’s first point.  

C. Fabian’s Indictment and Judgment for Failing to Register 

Fabian next argues that the trial court erred by admitting exhibits of his conviction for failing to register as a sex offender.  
At trial, Fabian objected to this evidence on three different grounds: bolstering, cumulative, and relevance.
 Fabian concedes in his brief that a felony conviction is admissible under rule 609.  
See 
Tex. R. Evid.
 609 (impeachment of evidence of conviction of crime).
  On appeal Fabian now asserts that the admission of this evidence was more prejudicial than probative.  
See 
Tex. R. Evid. 403.  
The complaint on appeal must be the same as that presented in the trial court.
  
See
 
Banda v. Garcia,
 955 S.W.2d 270, 272 (Tex. 1997)
.  An appellate court cannot reverse based on a complaint not raised in the trial court.  
Id. 
 Therefore, we overrule this portion of Fabian’s first point.  

D. Fabian’s Indictment and Adjudication of Guilt for Sexual Assault 
  
 
  

In the next part of his first point Fabian asserts that the trial court erred by admitting documents pertinent to his 1998 probation and subsequent adjudication of guilt for sexual assault.  Evidence of Fabian’s sexual assault was admissible under rule 609.  
See
 
Tex. R. Evid.
 609 
.  
This 1998 conviction fell squarely within the rule’s ten year provision.  
See 
id. 
at 609
(b).  Furthermore, Fabian himself testified that the victim of that offense was fourteen-years-old.  Evidence of an inappropriate sexual relationship with a minor may also be considered in determining if the parent engaged in conduct that endangered the emotional or physical well-being of the child.  
R.W.
, 129 S.W.3d at 739.  Thus, it was not an abuse of discretion for the trial court to admit this evidence.  We overrule this part of Fabian’s first point.  

E. Fabian’s Community Supervision for Driving While Intoxicated

In this portion of his first point Fabian claims the trial court erred by admitting his 1996 judgment of community supervision for DWI.
(footnote: 3)  Fabian claims that he objected under Texas Rules of Evidence 401, 402, 403, and 609.  However, a review of the record indicates that when the State sought admission of exhibit 11, Fabian’s affirmatively stated “no objection.”

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a); 
see also
 
Tex. R. Evid.
 103(a)(1).  If a party fails to do this, error is not preserved, and the complaint is waived.  
Bushell v. Dean
, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh’g).  
Becuase Fabian did not object to the admission of exhibit 11, we hold the trial court did not err by admitting that exhibit.  Accordingly, we overrule this part of Fabian’s first point.  

F. Testimony of TDFPS Caseworker Leslie Kies

Also under his first point, Fabian claims the trial court erred by admitting Kies’s testimony, which established Fabian’s lack of compliance with the State’s service plan counseling sessions.  At trial, Fabian objected on hearsay grounds and argued that Kies had not established personal knowledge.  Fabian’s objection was overruled.  The State does not address whether the trial court erred by overruling Fabian’s objection, but instead argues that the admission of evidence was harmless because the same evidence was admitted elsewhere without objection.  We agree.

Error in admitting evidence is generally harmless if the contested evidence is merely cumulative of properly admitted evidence. 
 In re W.J.H
, 111 S.W.3d 707, 714 (Tex. App.—Fort Worth 2003, pet. denied).  Evidence that Fabian did not attend the required counseling sessions came in without objection at other points in the trial.  Fabian himself testified that he only attended one counseling session.  Moreover, the counselor, Spagnola, also testified that Fabian came to only one counseling session and then never contacted her again.  Thus, even if the trial court did err by admitting Kies’s testimony, such error was harmless.  Consequently, we overrule this portion of Fabian’s first point.

G. Tammy’s Testimony

Fabian next argues that the trial court erred by allowing Tammy to testify as to Fabian’s compliance with his service plan.  The portion of testimony complained of was as follows:

Q. [State] And do you feel like he [Fabian] made a real effort to get any services done during the time before he --

Mr. Zellmer [Fabian’s counsel]: Objection, your Honor, relevance.  How she feels is irrelevant.

Mr. Brown [Tammy’s counsel]: I’ll join the objection. 

[State]: I can rephrase, Judge. 

Q. [State] Did [Fabian] appear to be making an effort to get those services done that were ordered by the court?

Mr. Zellmer [Fabian’s counsel]: Your honor, same objection.  It’s basically going to her -- appear would be her opinion.  She’s not qualified to give that opinion, and it’s not relevant.  Her opinion is not relevant.  

The Court: I think that each of these Respondent’s attitude toward the other and how they’re trying to -- what they’re trying to do as far as a service plan is relevant.  Overruled.

It is clear from the trial testimony that Tammy and Fabian were involved in a relationship and were living together.  Thus, Tammy had the requisite personal knowledge under rule 602 to testify whether Fabian was complying with his service plan.  
See
 Tex. R. Evid.
 602.  Moreover, whether Fabian had complied with his service plan was certainly relevant to whether his parental rights should be terminated.  
See
 
Tex. R. Evid. 401, 402.  
Therefore, the trial court did not abuse its discretion by admitting this portion Tammy’s testimony.  We overrule this part of Fabian’s first point.  
  
 

H. Result

Having addressed each of Fabian’s evidentiary complaints and resolved them in favor of the State, we overrule Fabian’s first point in its entirety.   

V. Legal and Factual Sufficiency

Fabian’s third point contains two contentions.  He first claims that the trial court erred by overruling his objections to certain jury charge questions because there was insufficient factual evidence to present those questions.  He then argues that the evidence is legally and factually insufficient to support the jury’s verdict.  

A. Standards of Review 

The standard of review for error in a jury charge is abuse of discretion. 
 In re V.L.K.
, 24 S.W.3d 338, 341 (Tex. 2000).  Again, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  
Downer
, 701 S.W.2d at 241−42.  Legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion.  
Beaumont Bank v. Buller
, 806 S.W.2d 223, 226 (Tex. 1991); 
Tex. Dep’t of Health v. Buckner
, 950 S.W.2d 216, 218 (Tex. App.—Fort Worth 1997, no writ).

The higher burden of proof in termination cases elevates the appellate standard of legal sufficiency review. 
 J.F.C.
, 96 S.W.3d at 265.  The traditional no-evidence standard does not adequately protect the parent’s constitutional interests.  
Id. 
 In reviewing the evidence for legal sufficiency in parental termination cases, we must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven.  
Id
. at 265–66.  We must review all the evidence in the light most favorable to the finding and judgment.  
Id.
 at 266.  This means that we must assume that the factfinder resolved any disputed facts in favor of its finding if a reasonable factfinder could have done so.  
Id.
  We must also disregard all evidence that a reasonable factfinder could have disbelieved.  
Id.
  We must consider, however, undisputed evidence even if it is contrary to the finding.  
Id.
  That is, we must consider evidence favorable to termination if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not.  
City of Keller v. Wilson
, 168 S.W.3d 802, 827 (Tex. 2005).

This higher burden of proof also elevates the appellate standard of factual sufficiency review.  
C.H.
, 89 S.W.3d at 25.  “[A] finding that must be based on clear and convincing evidence cannot be viewed on appeal the same as one that may be sustained on a mere preponderance.”  
C.H.
, 89 S.W.3d at 25.  In considering whether the evidence of termination rises to the level of being clear and convincing, we must determine whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that the grounds for termination were proven.  
Id
.  Our inquiry here is whether, on the entire record, a factfinder could reasonably form a firm conviction or belief that the parent violated 
section 161.001(1)(D), (E), (L), or (O) and that the termination of the parent’s parental rights would be in the best interest of the child.  
Id
. at 28.

The distinction between legal and factual sufficiency lies in how we review the evidence.  
J.F.C.
, 96 S.W.3d at 266.  In a factual sufficiency review, in determining whether the evidence is such that a factfinder could reasonably form a firm belief or conviction that its finding was true, we must consider whether disputed evidence is such that a reasonable factfinder could not have resolved it in favor of the finding.  
Id.
  If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction in the truth of its finding, then the evidence is factually insufficient.  
Id.
  If we reverse on factual sufficiency grounds, then we must detail in our opinion why we have concluded that a reasonable factfinder could not have credited disputed evidence in favor of its finding.  
Id. 
at 266−67.

B. Jury Charge Questions 

The jury charge questions that involved Fabian were numbers 5, 6, 7, 8, and 9.  In his statement of points, Fabian claimed there was insufficient evidence for all five questions.  However, at trial Fabian did not object to questions 6 or 9.  Question 6 concerned whether Fabian had engaged in conduct which endangered the physical or emotional well-being of G.C.F. Question 9 involved whether the termination of the parent-child relationship between Fabian and G.C.F. was in G.C.F.’s best interest.

A party objecting to a charge must point out distinctly the objectionable matter and the grounds of the objection. 
 Tex. R. Civ. P.
 274
.  Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections. 
 Id.
; 
see also
 
Tex. R. App. P.
 33.1(a).  Moreover, the constitutional dimension of the parent-child relationship does not automatically override the procedural requirements for error preservation.  
See In re B.L.D.
, 113 S.W.3d 340, 354 (Tex. 2003), 
cert. denied
, 541 U.S. 945 (2004).  With only a few recognized exceptions, even constitutional complaints are waived if not properly preserved. 
 See id.
 at 350.  Recently, the Texas Supreme Court reiterated that the rules governing error preservation must be followed in cases involving termination of parental rights, as in other cases in which a complaint is based on constitutional error.  
See In re K.A.F.
, 160 S.W.3d 923, 928 (Tex.), 
cert. denied
, 126 S. Ct. 483 (2005).  Because Fabian did not object that there was insufficient evidence to submit questions 6 and 9 to the jury, those complaints have not been preserved for our review.

C. Sufficiency 

As stated above, Fabian contends that there was insufficient evidence to submit the questions to the jury.  Furthermore, Fabian contends that there was legally and factually insufficient evidence to support the jury’s verdict as to all five jury charge questions.
(footnote: 4)  Because both of these complaints necessarily involve a review of the evidence, we shall consolidate our discussion of them.    
1. Jury Charge Questions 5 and 6 

Question 5 asked whether there was clear and convincing evidence that Fabian knowingly placed or knowingly allowed G.C.F. to remain in conditions or surroundings which endangered the physical or emotional well-being of the child.  
See
 
Tex. Fam. Code Ann.
 § 161.001(1)(D).  Question 6 asked whether there was clear and convincing evidence that Fabian 
engaged in conduct which endangered the physical and emotional well-being of G.C.F.  
See id.
 § 161.001(1)(E).  The jury answered in the affirmative to both questions.   To determine whether termination is necessary, courts may look to parental conduct both before and after the child’s birth.  
R.W. 
129 S.W.3d at 738.  As detailed above, there was significant evidence of Fabian’s extensive history of domestic violence and alcohol abuse. 

After reviewing all the evidence in the light most favorable to the finding and judgment, we hold that there was legally sufficient evidence to support the jury’s verdicts on both questions 5 and 6.  Likewise, in light of the entire record, we hold that there was factually sufficient evidence for the jury’s verdict for questions 5 and 6.  Because there was legally and factually sufficient evidence of the grounds for termination submitted to the jury in question 5, we hold that the trial court did not abuse its discretion by submitting jury charge question 5. 
   

2. Jury Charge Question 7 

Question 7 asked whether there was clear and convincing evidence that Fabian failed to comply with the provisions of a court order that specifically established the actions necessary for the return of G.C.F., who had been in the managing conservatorship of TDFPS for not less than nine months as a result of the child’s removal from the parent for abuse or neglect.  
See 
Tex. Fam. Code Ann.
 § 161.001(1)(O).  Again, the jury answered in the affirmative.  Fabian argues that there was insufficient evidence to present this question to the jury and insufficient evidence to support the jury’s verdict against him on this question.

As discussed above, there was testimony from a number of different parties that indicated that Fabian had not complied with his service plan.  In fact, Fabian himself even testified that had attended only one of the required counseling sessions.  In light of this testimony, we hold that there was legally and factually sufficient evidence to support the jury’s verdict on this question 
and that the trial court did not abuse its discretion by submitting this question to the jury.

3. Jury Charge Question 9 

Question 9 asked whether there was clear and convincing evidence that the termination of the parent-child relationship between Fabian and G.C.F. was in G.C.F.’s best interest.  
See
 
id. 
§ 161.001(2).  The jury answered “yes.” Fabian’s only mention of question 9 in his brief is that “the trial did not directly address the best interests of G.C.F.”

However, both CASA advocate Theresa White and Kies testified that it was in G.C.F.’s best interest to terminate Fabian’s parental rights.  In light of this testimony and the evidence of Fabian’s domestic violence history, alcohol problems, and incarceration at the time of trial, we hold that there was legally and factually sufficient evidence to support the jury’s verdict that termination was in G.C.F.’s best interest.       

4. Result 

Having resolved each of Fabian’s contentions, we overrule his third point. 

VI. Motion for Mistrial 

In his second point, Fabian argues that the trial court erred by denying his motion for a mistrial.  Fabian’s complaint on appeal is based on a number of questions asked of him by the State on cross-examination to which he objected as argumentative.  Many of these objections were sustained by the trial court.  However, only once did Fabian ask for an instruction to disregard.  Fabian then moved for a mistrial “based on the cumulative effect of the argumentative questions we have had throughout this trial.”  His motion was denied.  

Fabian also contends on appeal that the State’s argumentative questions constituted incurable argument such that an instruction to disregard was not required to preserve error.  For this proposition Fabian cites 
Standard Fire Ins. Co. v. Reese
, 584 S.W.2d 835, 839–40 (Tex. 1979) and
 Otis Elevator v. Wood
, 436 S.W.2d 324, 332–33 (Tex. 1968)
.  However, both of these cases involve the propriety of an attorney’s 
argument
, not his or her argumentative 
questioning
 of a witness.  
See Standard Fire
, 584 S.W.2d at 839–40; 
Otis Elevator
, 436 S.W.2d at 332–33. 
 It appears that Fabian is attempting to equate improper argumentative questioning to improper jury argument.  However, Fabian has cited us to no authority, nor have we found any, that has held that the argumentative questioning of a witness is akin to incurable jury argument.  Thus, we hold that the argumentative cross-examination of Fabian by the State did not constitute incurable argument.  

To preserve error for appellate review, an appellant must make a timely, specific objection, and obtain an adverse ruling.  
Tex. R. App. P.
 33.1.  Here Fabian’s objections to the State’s argumentative questions were sustained and he only once requested an instruction to disregard, thus he failed to obtain an adverse ruling on most of the State’s questions.  Furthermore, we see no reason why any harm caused the State’s questioning could not have been cured by an instruction to disregard.  Thus, Fabian did not preserve those questions for our review.              

As noted above Fabian only once requested an instruction to disregard and only made one motion for a mistrial.  We review the denial of a motion for a mistrial by an abuse of discretion standard.  
See Schlafly v. Schlafly
, 33 S.W.3d 863, 868 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).  Again, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable.  
Downer
, 701 S.W.2d at 241−42.  

The questioning preceding Fabian’s motion for a mistrial was indeed argumentative.  However, we have no reason to believe that any harm caused by that questioning was not cured by the trial court’s instruction to disregard.  Therefore, we cannot conclude that the trial court abused its discretion by denying Fabian’s motion for a mistrial.  We overrule Fabian’s second point.    

VII. Conclusion

Having overruled Fabian’s three points, we affirm the trial court’s judgment.      

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: April 5, 2007

 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Tammy is not a party to this appeal.  

3:
We note that Fabian’s discussion focuses on the 1996 judgment for which he received community supervision, which was petitioner’s exhibit 11.  However, Fabian’s heading for this section references petitioner’s exhibit 12, a 1988 judgment of conviction and sentence for which he received probation.  

4:
Jury question 8 involved whether Fabian‘s previous conviction for sexual assault of a fourteen-year-old girl involved serious injury of a child.  Because we find legally and factually sufficient evidence to support the jury’s verdict to terminate on three other grounds, we need not reach Fabian’s sufficiency argument regarding question 8.  
See 
In re B.K.D.
, 131 S.W.3d 10, 16 (Tex. App.—Fort Worth 2003, pet. denied) (only one statutory ground and best interest finding needed to support verdict of termination).