**Daniel Sanchez BANDA and Alberto Sanchez, Petitioners,**

v.

**Adolfo GARCIA, as next friend of Javier Garcia, Adolfo Garcia, as next friend of Jessica N. Garcia and Yvonne Ibarra Garcia, Respondents.**

No. 97–0066.

Supreme Court of Texas.

Oct. 30, 1997.

**1.** On September 1, 1997, Rule 45 was repealed and replaced by Rule 30.

Donato D. Ramos, Baldemar Garcia, Jr., Laredo, for Petitioners.

Pruett Moore, III, Corpus Christi, Shirley Hale Mathis, Laredo, Rose R. Vela, Corpus Christi, Emilio Alva, Belinda Mendez, Laredo, David Cano, B. Mills Latham, Corpus Christi, for Respondents.

PER CURIAM.

The issue in this cause is whether an attorney's unsworn testimony constitutes some evidence of a pre-suit settlement agreement. The court of appeals held that because the trial court had not placed Banda's attorney under oath, the attorney's statements at a pretrial hearing were not evidence of a pre-suit settlement agreement. 935 S.W.2d 790, 794. We disagree.

Javier Garcia was in an automobile accident with Daniel Banda that rendered Garcia brain-damaged and incapacitated. Before filing suit, Garcia's attorney, B. Mills Latham, sent a letter dated February 23, 1993 to Banda's attorney, Shirley Mathis, offering to settle the case for $60,000. In the letter, Latham said that if he did not receive the checks and releases by March 12, 1993, the offer would be withdrawn. According to Mathis, she called Latham before the deadline and accepted the offer but told Latham that the parties would need extra time to file a friendly suit so that the court could appoint attorneys ad litem to represent the incapacitated Garcia and his infant daughter. Latham allegedly agreed.

On March 24th, however, Latham notified Mathis that the settlement deadline had passed and that Garcia was filing suit against Banda. After Garcia sued, Banda filed a motion to enforce the settlement, alleging that Garcia had reneged on his agreement to extend the settlement deadline.

Latham did not attend the hearing on the motion to enforce, instead sending an associate, Pruett Moore, to represent Garcia. At the hearing, Mathis asserted that an oral agreement to extend the settlement deadline existed and that Latham had reneged on it. Moore denied that any oral agreement did in fact exist. The court of appeals held that Mathis's unsworn statements at the hearing were not enough to support the trial court's finding of an enforceable settlement agreement. 935 S.W.2d at 794.

Normally, an attorney's statements must be under oath to be considered evidence. *See United States Gov't v. Marks,* 949 S.W.2d 320, 326 (Tex.1997); *Fullenwider v. American Guar. & Liab. Ins. Co.,* 821 S.W.2d 658, 662 (Tex.App.—San Antonio 1991, writ denied). As the court of appeals acknowledged, however, the opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary. *See* 935 S.W.2d at 793 (citing *Fullenwider,* 821 S.W.2d at 662, and *Bloom v. Bloom,* 767 S.W.2d 463, 471 (Tex.App.—San Antonio 1989, writ denied)); *see also Beck v. State,* 719 S.W.2d 205, 213 (Tex.Crim.App.1986).

Banda's attorney, Mathis, did not take an oath before discussing the existence and terms of the oral settlement agreement. Nevertheless, Moore should have known to object to Mathis's unsworn statements. The record shows that Mathis was clearly attempting to prove the existence and terms of the settlement agreement, including the agreement to extend the deadline, at the hearing. In fact, Mathis stated at the conclusion of her presentation that "as an officer of the court I can just state under oath what—what I am telling the court and what my representations were by [sic] Latham and the understanding I had." She also said that "this agreement that *I'm testifying to* today before the court as an officer of the court, if Mr. Latham felt so strongly about it, he is not present." (emphasis added). Moreover, Mathis's testimony was the only available evidence of the oral agreement to extend the deadline. Mathis therefore clearly placed Garcia's attorney on notice that she was attempting to prove the existence and terms of the oral agreement.

Nevertheless, Moore still did not, at any time, object to the trial court's failure to administer the oath. Therefore, Garcia waived any objection he had and Mathis's statements to the court are some evidence of the settlement agreement. Accordingly, the court of appeals should have affirmed the trial court's judgment enforcing the agreement. *See Burrhus v. M & S Supply, Inc.,* 933 S.W.2d 635, 641 n. 4 (Tex.App.—San Antonio 1996, writ denied) (holding that the trial court can consider attorney's unsworn testimony as evidence if opponent does not object to lack of oath).

The court of appeals incorrectly relied on *S & A Restaurant Corp. v. Leal,* 892 S.W.2d 855, 857 (Tex.1995), for the alternative holding that any agreement was unenforceable because Garcia withdrew his consent before judgment was rendered. Because Banda did not make this argument in the trial court or in his brief to the court of appeals, the court of appeals could not reverse on this point. TEX.R.APP. P. 33; *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 210 (Tex.1990).

Accordingly, under Rule 59.1 of the Texas Rules of Appellate Procedure, the Court grants Banda's application for writ of error and, without hearing oral argument, reverses the court of appeals and reinstates the trial court's judgment.