NO. 07-04-0428-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 28, 2006
_____

IN THE INTEREST OF C.H., C.H. AND C.H., CHILDREN
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY

NO. 2002-518,450; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before CAMPBELL and HANCOCK, JJ.[1]

**MEMORANDUM OPINION**

DeAnna McCann brings this appeal from a final order naming Clarence and Jean Hickman managing conservators of McCann's three children. The Hickmans are the paternal grandparents of the children and initiated this proceeding when their son was sentenced to a state jail facility. McCann's sole issue on appeal assigns error to the trial court's failure to exclude evidence she contends was presented in violation of Rule of Civil Procedure 193.6. We overrule this issue and affirm the trial court's final order.

_____

[1] Don H. Reavis, Justice (Ret.), was on the panel that heard oral argument. He did not participate in the decision. TEX. R. APP. P. 41.1(b).

The Hickmans filed their original petition in June 2002. The first scheduling order, signed in October, set a trial date in January 2003 and required a witness list be filed 90 days before that date. Three subsequent orders ultimately set the trial in April of 2004. Those orders did not require the filing of a witness list or set a deadline for discovery, but provided the Rules of Civil Procedure would govern dates not expressly determined. McCann propounded a request for disclosure, a request for production and interrogatories to Clarence Hickman in early December 2002 and, later, a request for production and interrogatories to Jean Hickman. The Hickmans also served discovery requests on McCann.

McCann served her discovery responses in October 2003. The Hickmans served their discovery responses on McCann April 19, 2004, nine days before the trial date. The disclosure named twenty people with knowledge of relevant facts, including six of the children's teachers, eight character witnesses for the Hickmans, McCann's mother, her boyfriend and her previous landlord. Two days later the Hickmans filed a motion asking the court to "modify the discovery procedures." The motion alleged the failure to respond earlier was inadvertent due to an error on the part of counsel and the delay would not unfairly prejudice or surprise McCann.

The trial court heard the motion before voir dire began in the jury trial. The court granted the motion "to modify discovery" until April 19, the date the Hickmans' discovery responses were filed. At the conclusion of voir dire McCann obtained a running objection to the admission of testimony of any nonparty witnesses "on the basis that such witnesses were not designated in response to requests for disclosure," citing Rules of Civil Procedure

2

193 and 215. The trial court overruled the objection, stating McCann had not indicated surprise or requested to depose anyone on the list.

The Hickmans presented testimony from seven of the people listed in their disclosure, six of the children's teachers and McCann's former landlord. In conformity with the jury's verdict, the trial court order named the Hickmans managing conservators of all three children and named McCann possessory conservator. McCann retained the right to information about the children and to confer in decisions about the children. The order set visitation periods for McCann and required payment of support for the children.

Rule of Civil Procedure 193.6 prohibits a party from offering testimony of a non-party witness who was not timely identified unless the court finds there was good cause for the failure or it will not unfairly surprise or prejudice the other party. Tex. R. Civ. P. 193.6(a). The party seeking to avoid exclusion of evidence under Rule 193.6(a) bears the burden of establishing good cause or the absence of unfair surprise or prejudice. Tex. R. Civ. P. 193.6(b). If the party fails to meet that burden, the trial court may still grant a continuance. Tex. R. Civ. P. 193.6(c).

Evidentiary rulings are "committed to the trial court's sound discretion." *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998), quoting *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). *See also In re B.A.B.*, 124 S.W.3d 417, 421 (Tex.App.--Dallas 2004, no pet.) (decisions on discovery rulings, including sanctions, reviewed for abuse of discretion). A trial court abuses its discretion when it rules arbitrarily or unreasonably, or without regard for any guiding rules or principles. *Downer*

3

*v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).  A court also may abuse its discretion if it rules without supporting evidence.  *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).  If there is any legitimate basis for a trial court's evidentiary ruling, the appellate court must uphold it.  *Owens-Corning*, 972 S.W.2d at 43.

McCann's complaint is that the trial court abused its discretion in granting the Hickmans' motion to modify the discovery deadline and in admitting the testimony of witnesses named in the late disclosure because they failed to meet their burden to establish good cause or the absence of unfair surprise or prejudice.

McCann argues the trial court could not consider the "unsworn factual allegations" made by counsel at the hearing on the motion.  Normally, an attorney's statements must be under oath to be considered evidence.  *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997).  Courts sometimes have allowed unsworn in-court statements of attorneys to meet an evidentiary requirement, finding that the opponent's failure to object to the statements waived the necessity to administer the oath.  *Id.*  The court in *Fullenwider v. American Guar. & Liab. Ins. Co.*, 821 S.W.2d 658, 662 (Tex.App.–San Antonio 1991, writ denied), approved the trial court's consideration of an attorney's unsworn statements attempting to show good cause for a failure to list expert witnesses in response to an interrogatory. Likewise, in the absence of an objection from McCann, the trial court here could consider counsel's unsworn explanation of the circumstances surrounding the late filing of the discovery responses.[2]

_____

[2] At the hearing, counsel essentially repeated the assertions in the motion, which included her statement the failure to timely respond was inadvertent and due to her own

4

As noted, the Hickmans served discovery responses on McCann nine days before the case was set for trial, and, two days later, filed a motion to modify the discovery deadline accordingly.

When the trial court granted the Hickmans' motion, the judge remarked that his ruling was "[b]ased on the interest of the children . . . ." The court's remark reflects the oft-stated proposition that the best interest of the child is a court's primary consideration when adjudicating conservatorship and related issues. *See* Tex. Fam. Code Ann. § 153.002 (Vernon 2002). Case law has recognized that regard for the best interest of the child properly may be a factor influencing a trial court's ruling on procedural issues such as discovery sanctions. *See In re P.M.B.*, 2 S.W.3d 618, 624 (Tex.App.–Houston [14th Dist.] 1999, no pet.) (reversing trial court's exclusion of evidence as discovery sanction under former Rule of Civil Procedure 215(5), in conservatorship case). *See also Williams v. Williams*, 150 S.W.3d 436, 446 (Tex.App.–Austin 2004, pet. denied) (discussing effect of concern for best interest of child in termination of parental rights proceeding on default judgment procedures); *Chavez v. Chavez*, 148 S.W.3d 449, 459 n.7 (Tex.App.–El Paso 2004, no pet.) (recognizing that "technical rules of practice and pleading have frequently been abandoned in child custody proceedings"). The parties' opposing positions on the Hickmans' motion presented the trial court with a choice between allowing or excluding the

---

mistake rather than that of her clients. Counsel told the court her clients had timely provided her the information necessary to respond to McCann's discovery requests, and counsel was preparing the responses but did not complete them because the trial date was rescheduled for a date several months later. She said she did not realize she had not completed the responses until she began preparation for the current trial setting. Counsel's statements were not controverted.

testimony of the late-disclosed witnesses.  Given that choice, the trial court properly could take into account the benefits to the children of a fully-informed decision by the jury. Together, the nature of the choice presented, the nature of the proceeding and the Hickmans' submission of their response nine days before provided a legitimate basis for the trial court's ruling.  *Owens-Corning*, 972 S.W.2d at 43.

Finding the trial court did not act arbitrarily, unreasonably or without reference to any guiding rules and principles in its decision to allow the testimony, *see Downer*, 701 S.W.2d at 241-42, we overrule appellant's sole issue and affirm the trial court's order.


James T. Campbell
Justice


Hancock, J., concurring.