COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-326-CV

 

 

RALPH PLEMONS, M.D.                                                        APPELLANT

 

                                                   V.

 

PATRICIA HARRIS,
INDIVIDUALLY                                     APPELLEE

AND AS PERSONAL
REPRESENTATIVE 

OF THE ESTATE OF HARVEY 

HARRIS,
DECEASED                                                                             

 

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

MEMORANDUM OPINION[1]

                                              ------------

I. 
Introduction








In one issue, Appellant Ralph Plemons, M.D.
asserts that the trial court abused its discretion by overruling his objections
to Appellee Patricia Harris=s
chapter 74 expert report and also by denying Dr. Plemons=s motion
to dismiss.  We affirm.

II. 
Factual and Procedural History

On September 7, 2005, after performing an EKG on
Harvey Harris, Dr. Tracye Orr referred Harvey to a surgeon for repair of an
umbilical hernia.  On October 21, 2005,
Dr. Augustus Lyons, along with the anesthesiologist Dr. Plemons, performed the
surgery.  Approximately twenty-four hours
after the surgery, Harvey returned to the hospital with chest pains.  He died the following day from an apparent
myocardial infarction, a.k.a. Aheart
attack.@

Harris, Harvey=s
surviving spouse, filed this suit on December 17, 2007, alleging that Dr.
Plemons failed to utilize appropriate anesthesia given Harvey=s
health.  Pursuant to chapter 74 of the
civil practice and remedies code, Harris served a timely expert report from Dr.
Joseph A. Stirt, an anesthesiologist from Charlottesville, Virginia.  He opined that Dr. Plemons breached the
standard of care by not obtaining a preoperative EKG within thirty days of a
planned surgical procedure as required for any patient over sixty years old who
was to receive general anesthesia.  Dr.
Stirt further stated that the deviations from the standard of care represented
negligence, which proximately caused Harvey=s death.








On April 29, 2008, Dr. Plemons filed objections
to Harris=s expert report, and he amended
those objections on May 6, 2008. 
Subsequently, the trial court overruled Dr. Plemons=s
objections, and this interlocutory appeal followed.

III. 
Preservation of Error

A. Review

To preserve a complaint for appellate review, a
party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a); see also Tex.
R. Evid. 103(a)(1).  If a party fails to
do this, error is not preserved, and the complaint is waived.  Bushell v. Dean, 803 S.W.2d 711, 712
(Tex. 1991) (op. on reh=g).  The objecting party must get a ruling from
the trial court.  This ruling can be
either express or implied.  Frazier v.
Yu, 987 S.W.2d 607, 610 (Tex. App.CFort
Worth 1999, pet. denied).  If trial judge
refuses to rule, an objection to the refusal to rule is sufficient to preserve
error.  Tex. R. App. P. 33.1(a)(2). 

Further, the complaint on appeal must be the same as that presented in
the trial court.  See Banda v. Garcia,
955 S.W.2d 270, 272 (Tex. 1997).  An
appellate court cannot reverse based on a complaint not raised in the trial
court.  Id.  

 

 








B. Analysis

In ADefendant
Ralph Plemons, M.D.=s Amended Objections to
Plaintiff=s Chapter 74 Expert Report and
Motion to Dismiss,@ Plemons asked the court to
dismiss Harris=s suit due to the inadequacy of
Dr. Stirt=s report as follows:  

In his report Dr. Stirt suggests Aone standard of care was breached by Dr. Ralph
Plemons@.  Dr. Stirt goes on to state, Aa pre-operative EKG
obtained within 30 days of a planned surgical procedure is required prior to
general anesthesia for any patient over 60 years old.  No EKG was performed on Mr. Harris and
subsequently examined as required by Dr. Plemons.@  See attached report of Dr. Stirt as Exhibit
2.

Dr. Stirt=s sole
criticism of Dr. Plemons was that no EKG was performed on Mr. Harris prior to
the surgery and subsequently examined as required by Dr. Plemons.  This sole criticism is entirely factually
inaccurate.  See attached as Exhibit
3, EKG dated September 7, 2005 performed and received prior to the procedure at
issue.  As such, this report is
conclusory and does not represent a good faith effort to fulfill the
statute as well as case law interpreting same. . . . The report of Dr. Stirt
is conclusory and based upon assumptions which are not supported by the facts with
respect to standard of care, breach and causation and accordingly fails to meet
the requisites of Chapter 74 as well as case law interpreting same. [Emphasis
added.]

On appeal, Plemons argues
thusly:

 

It is significant to note that on the first page of Dr. Stirt=s report, he states that
he had reviewed the records from Dr. Tracye Orr from September 7, 2005, through
October 19, 2005.  It is undisputed that
Dr. Orr performed an EKG on Mr. Harris on September 7, 2005. After Dr. Orr
obtained this EKG, he referred Mr. Harris for a surgical consult for the
umbilical hernia, without requesting or seeking any type of further cardiac
evaluation or follow-up. 








Since Dr. Stirt reviewed Dr. Orr=s records, he would have had access to the EKG
performed on September 7, 2005, yet conspicuously missing from his report is
any mention or reference to any abnormalities in the September 7 EKG that would
have caused the surgery to be cancelled; moreover, he does not identify,
describe, or explain why an EKG done 14 days later (i.e., 30 days before
surgery) would have been different or demonstrated some type of abnormality
that would have resulted in the surgery being cancelled.  To the contrary, Dr. Stirt only
speculates that a pre-operative EKG Acould well have shown marked cardiac abnormality
. . .@ Dr. Stirt is
obviously speculating on what a second EKG could have shown; how it might have
changed from the one obtained on September 7; whether it would have
resulted in further cardiac follow-up; and whether it would have resulted in
a deferral of the surgery.  Dr. Stirt=s attempts at causation
are conclusory and would require an inference on causation which, under the Afour corners rule,@ a court is not permitted
to do. [Emphasis supplied; internal citations omitted.] 

 

A plain reading of Dr. Plemons=s
argument to the trial court is that there was the a factual inaccuracy in Dr.
Stirt=s
report, which Dr. Plemons asserted caused the report to be conclusory in
nature.  This is plainly demonstrated
when he states that, referring to Dr. Stirt=s
criticism that no presurgery EKG was performed on Harvey, A[t]his
sole criticism is entirely inaccurate . . . [a]s such, this report is
conclusory.@ 









In contrast, on appeal, Dr. Plemons acknowledges
that he is not arguing factual inaccuracy. 
Rather, a plain reading of Dr. Plemons=s
argument on appeal is that because there was an EKG performed forty-four days
before the surgery, Dr. Stirt=s report
failed to show how a second EKG performed thirty days or less before the
surgery would have resulted in a different surgical outcome.  Specifically, he argues that Dr. Stirt=s report
only speculated that a pre-operative EKG Acould
well have shown marked cardiac abnormalities@ and
speculated Awhether it would have resulted
in the deferral of the surgery.  Dr.
Stirt=s
attempts at causation are conclusory and would require an inference on
causation . . . .@ 








During oral argument to this court, counsel for
Dr. Plemons attempted to explain the lack of congruity between the arguments at
trial and on appeal by asserting that he only needed to urge that Dr. Stirt=s report
was conclusory without any explanation to the trial court of where, when, how,
or why, and that he had in his summation at the end of his amended motion
stated that the report was conclusory and factually unsupported, thereby
disconnecting the two thoughts.  We observe
that the only explanation given to the trial court of how the report was
conclusory was that it was factually inaccurate, as previously discussed.  We decline to hold that trial judges are
required to adopt the methods of Sherlock Holmes and divine without written or
oral guidance as to where, when, why, and how an expert=s report
is conclusory.  We therefore hold that
the complaint to the trial court does not comport with the complaint on appeal
and as such is not preserved for our review. 
See Banda, 955 S.W.2d at 272; see also Wohlfahrt v. Holloway,
172 S.W.3d 630, 639B40 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied) (ATo have
preserved error, a party=s argument on appeal must
comport with its argument in the trial court.@), cert.
denied, 549 U.S. 1052 (2006); Hoxie Implement Co., Inc. v. Baker, 65
S.W.3d 140, 151 (Tex. App.CAmarillo
2001, pet. denied) (A[G]iven that the contention
before us does not comport with the objection raised below, that before us was
and is waived.@).   

IV. 
Conclusion

Having found that Dr. Plemons=s
complaint on appeal has not been preserved, we overrule his sole issue on
appeal and affirm the trial court=s
judgment.

 

BOB
MCCOY

JUSTICE

 

PANEL: LIVINGSTON and
MCCOY, JJ.; and WILLIAM BRIGHAM, J. (Senior Justice, Retired, Sitting by
Assignment).

 

LIVINGSTON, J. concurs
without opinion.

 

DELIVERED: January 8,
2009

 











[1]See Tex. R. App. P. 47.4.