Affirmed and Memorandum Opinion filed March 23, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00110-CR

NO. 14-09-00113-CR

___________________

 

Frederick Nelson Davis,
Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 184th District Court

Harris County,
Texas



Trial Court Cause Nos. 1165945 & 1191275

 



 

 

MEMORANDUM OPINION

On an agreed recommendation appellant
Frederick Nelson Davis, pleaded guilty in both causes to possession of less
than a gram of a controlled substance, cocaine.  The trial court found Davis
guilty, found the two enhancements in each cause true, and sentenced Davis to
three years’ confinement in each cause, with the sentences to run
concurrently.  In a single issue, Davis challenges the trial court’s denial of
his motion to dismiss the second enhancement paragraph in both causes.  We
affirm.

I

In trial court cause number 1165945 (appellate case
number 14-09-00110-CR) Davis was charged with possession of less than one gram
of a controlled substance, cocaine, alleged to have occurred on May 7, 2008. 
In trial court cause number 1191275 (appellate case number 14-09-00113-CR), Davis
was charged with the same felony, alleged to have occurred on November 12,
2008.  The charges in both causes contained two enhancement paragraphs—the
first for a prior conviction of possession of a controlled substance[1] and the second for
an August 19, 1992 conviction for delivery of a controlled substance.

In each cause, Davis filed a pre-trial motion to
dismiss the second enhancement paragraph.  He alleged that, in the 1992 case,
he had been indicted for conspiracy to deliver a controlled substance, but the
jury subsequently found him guilty of delivery.  He then argued his 1992 conviction
based on the jury verdict was void because conspiracy to deliver is not a lesser-included
offense of delivery.

At the hearing on the motion, the court requested
defense counsel to read the indictment in the 1992 case into the record.  The
following exchange then occurred:

[Defense Counsel]:  Okay.  This
case was indicted on September 20th of 1990 and I would like the Court to take
judicial notice of this document dated on that date and it is the indictment in
Cause No. 571812, State of Texas vs. Frederick Nelson Davis, and there is a
charge of conspiracy to deliver a controlled substance.

THE COURT:  Does the indictment
contain anything else?

[Defense Counsel]:  Also, Judge,
it says it is further presented in Harris County, Texas, that he was also
charged with intentionally, knowingly, and unlawfully delivering by offering to
sell a controlled substance.

THE COURT:  So the delivery was
also contained in the indictment?

[Defense Counsel]:  This delivery
was contained in the indictment, Your Honor.

THE COURT:  So there were two
charges contained in one indictment?

[Defense Counsel]:  Well, it looks
like there were two charges contained in the indictment, but subsequent to
that, Your Honor, there was a motion filed by [Davis’s] attorney that asked the
State to elect which charge there were going to go on, because of course you
can’t — they couldn’t go on both charges because they were arising out of the
same transaction.

That motion was never ruled on,
and it is our contention that because that motion was never ruled on, because
all the documents are saying conspiracy and then subsequent judgments are
saying delivery, we feel like the judgment is void or that conviction is void,
because it isn’t clear what he was actually charged with or convicted of.

In response, the prosecutor observed that the clerk’s
record in the 1992 case contained the motion to elect and “then when the jury
is charged, they’re charged on the delivery offense.”  The prosecutor also observed
that Davis had appealed the 1992 conviction and had not raised the issue that
the conviction was void.[2]

The trial court denied the motion to dismiss the
second enhancement paragraph.  Davis pleaded guilty to both charged offenses.  In
each of the charged offenses, he pleaded true to the first enhancement
paragraph and not true to the second enhancement paragraph.  In support of the
second enhancement paragraph, the State offered, and the trial court admitted, Davis’s
penitentiary packet for the 1992 offense.

No other documents relating to the 1992 conviction
were entered into evidence.  No testimony regarding the 1992 conviction was
elicited.

The trial court accepted Davis’s pleas of guilty to
the charges and pleas of true to the first enhancement paragraph for each
charge.  The court found the second enhancement paragraph for each charge
true.  The court granted Davis’s request to retain the right to appeal the
court’s adverse ruling on Davis’s motions to dismiss the second enhancement
paragraphs.

II

            In a single issue,
Davis argues the trial court erred in allowing the State to proceed on the second
enhancement paragraph in both causes because the conviction alleged in the
paragraph was void.  Davis’s argument rests on the following premises:  (1) the
indictment leading to the 1992 conviction charged Davis with conspiracy to
deliver a controlled substance; (2) the 1992 conviction was for delivery of a
controlled substance; (3) delivery of a controlled substance is not a lesser-included
offense of conspiracy to deliver;[3]
and (4) a conviction for an offense that is not the charged offense or a
lesser-included offense is void.[4]

            The record before
this court, however, reflects the following:  (1) the indictment leading to the
1992 conviction charged Davis with both conspiracy to deliver a controlled
substance and delivery of a controlled substance; (2) Davis filed a motion for
the State to elect between the two charges; (3) the record contains no explicit
ruling from the trial court  on Davis’s motion; (4) a jury convicted Davis of
delivery of a controlled substance; and (5) in his appeal from the 1992
conviction, Davis did not allege error in the jury charge or fault the trial
court for not ruling on his motion to elect.[5] 
The status of the record therefore supports the conclusion that Davis’s 1992
conviction was for a charged offense and the conviction was not void.  Thus,
the trial court in the present causes could consider the conviction alleged in
the second enhancement paragraphs and properly denied Davis’s motion to dismiss
those paragraphs.

Davis has the burden of presenting a record to show
error requiring reversal, i.e., to develop the record to show the nature and
source of the error, and in some cases, the prejudice to him.  Ortiz v.
State, 144 S.W.3d 225, 230 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).
 Based on the record before this court, he has not done so.  Accordingly, we
overrule his sole issue on appeal.

* * *

            Having overruled Davis’s
sole issue, we affirm the judgment.

 

                                                                                                                                                                                                                                    

                                                            /s/        Jeffrey
V. Brown

                                                                        Justice

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

Do not publish.  Tex. R. App. P. 47.2(b).

 









[1] The first enhancement paragraph in cause number 1165945
referred to a November 29, 1989 conviction; the first enhancement paragraph in
cause number 1191275 referred to a November 6, 1998 conviction.





[2] See Davis v. State,
No 01-92-00865-CR, 1994 WL 168266 (Tex. App.—Houston [1st Dist.] May 5, 1994,
pet. ref’d) (raising only two points of error, both concerning prosecutor’s
argument).





[3] See Tex. Code
Crim. Proc. Ann. art. 37.09 (Vernon 2006) (defining lesser-included offenses); Act
of May 24, 1973, 63 Leg. R.S., ch. 399, § 1, sec. 15.02(d), 1973 Tex. Gen. Laws
883, 910 (defining the category of offense of criminal conspiracy in relation
to felony that is the object of the conspiracy) (amended 1993) (current version
at Tex. Penal Code Ann. § 15.02(d) (Vernon 2003)).





[4] See Ex parte Sewell,
606 S.W.2d 924, 924–25 (Tex. Crim. App. 1980).





[5] The only evidence in the
appellate record is the 1992 judgment of conviction.  The first three “facts”
rest on the unsworn statements of counsel for appellant and the State. 
“Normally, an attorney’s statements must be under oath to be considered
evidence.” Banda v. Garcia, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam). 
Neither party, however, objected to the court’s considering those statements as
evidence once the statements fully reflected the contents of the documents in
the 1992 case.  See id. (regarding waiver of objection).