ACCEPTED
01-15-00087-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/19/2015 4:25:56 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00087-CV

_____

IN THE COURT OF APPEALS FOR THE

FIRST SUPREME JUDICIAL DISTRICT OF TEXAS

AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/19/2015 4:25:56 PM
CHRISTOPHER A. PRINE
Clerk

_____

IN RE: KIMBERLY MARKS, Relator

_____

Original Proceeding brought from the 310th Judicial District of Harris County, Texas, No. 2013-73339

_____

**RESPONSE TO RELATOR'S OBJECTION TO EXHIBIT MR-2
AND RESPONSE TO JURISDICTION**

_____

TO THE HONORABLE COURT OF APPEALS:

The Real Party in Interest, Department of Family & Protective Services ["Department"], respectfully responds to relator's objection to Exhibit MR-2 and response to jurisdiction as follows:

### 1.     Relevant Background Facts

This present case involves a mandamus petition filed by Kimberly Marks from an order requiring her to participate in services pursuant to Tex. Fam. Code Ann. §264.203 (West 2008). The Respondent named in the Petition for Mandamus is the Honorable Lisa Millard, Judge of the 310th Judicial District Court of Harris

County, Texas, the court where the subject case is docketed under Cause No. 2013-73339, and styled, "In the Interest of [ARM, KRM and CM]."

On January 9, 2015, the Department filed a petition styled, "Original Motion to Modify and Petition for Order to Participate in Services." MR-1.[1] The second sentence of this petition expressly states there is an "*affidavit attached* hereto and incorporated herein in its entirety." *Id.* (emphasis added). Moreover, the affidavit is referenced as the basis for the Department's request under Section 264.203 of the Family Code for an order that the parents participate in services. MR-1 p. 2. When the Department filed its petition, the District Clerk stamped both the petition and the affidavit with the District Clerk's stamp noting both documents were filed "1/9/2015" and received in "Envelope No. 371496". *See* MR-1 and MR-2.

Thereafter citation was issued and on January 20, 2015 Kimberly Marks was formally served with the Department's petition and given notice that a hearing would be held on January 27, 2015. MR-3 & MR-4. Prior to the hearing, Ms. Marks filed a response on behalf of herself and her children contesting the petition. MR-5; Marks(MR)-4.[2] The responses did not complain that Ms. Marks did not receive the affidavit attached to the petition and expressly mentioned in the first paragraph of the petition. *See* MR-1. Moreover, no claim was made regarding that

---

[1] "MR" in this brief refers to the First Supplemental Mandamus Record of the Real Party in Interest. The number following correlates with the number attachment assigned in that supplemental record.

[2] "Mark(MR)" in this brief refers to the Mandamus Record filed by Relator's attorney Steven Poocks on 2/9/15.

when the hearing was held and Ms. Marks appeared with her attorney Tom Sanders. MR-11.

In this connection, at the hearing, the judge took notice, consistent with the affidavit filed with the Department's motion, that there was previous CPS history from 2007. MR-11 (RR[3] p. 9). Ms. Marks did not contest such notice, but rather acknowledged he did not know that. MR-11 p. 9. The judge added: "And that there was reason to believe there was physical abuse." MR-11 p. 9. Ms. Marks' attorney stated: "I can't agree or disagree." MR-11 p. 9.

Ms. Marks' attorney stated his big argument was "I think there's a huge jurisdiction and a standing issue." MR-11 p. 5 & p. 8. He suggested this would be established "if the evidence was developed" and referred to what he believed the evidence would show. MR-11 p. 6 ("And if we develop the evidence… "I think the evidence would show").

The Department responded by discussing the underlying facts, and, no objection was made when the Department's attorney proceeded to provide relevant facts through attorney testimony, therefore, it was permitted.[4] In this connection,

---

[3] "RR" is abbreviation for the Reporter's Record included as Attachment 11 to the Department's Mandamus Record.

[4] As illustrated by the Supreme Court, failure to object to attorney statements concerning facts may result in such statements being accepted as evidence in the case. See *Mathis v. Lockwood*, 166 S.W3d 743 (Tex. 2006) (At a post-judgment hearing challenging a default judgment, counsel testified that notice was sent to the defendant, but the defendant denied receiving it. While statements by neither were under oath, the oath requirement was waived when neither raised any objection in circumstances that clearly indicated each was tendering evidence on the record

the attorney stated that the Department received its referral in August of 2014. MR-10 (RR p. 12). At some point the children were placed with the maternal grandparents and she signed a document but she did not sign the service plan after it was requested. MR-10 (RR p. 12). Also, the mother stopped complying with the Department around Christmas of 2014. MR-10 (RR p. 12).

The court asked if there had been in problems in between that time, and the Department's attorney responded that there was a positive drug test in September 2014 and after that the children were placed with the maternal grandparents' until removed by the mother. MR-10 (RR p. 13). It was added, though the mother claimed she would continue drug testing, she declined. MR-10 (RR p. 13).

Importantly, for purposes of the issue in this response, during the Department's presentation of the facts, the Department's specifically referred to the "affidavit" when discussing the initial referral in August of 2014. MR-11 (RR p. 12) ("I'm referring to the affidavit."). In addition, the judge obviously made the parties aware she was considering the affidavit at this hearing, because the judge stated she saw "Latuda" (a drug not previously discussed but referenced on page 6 of the Affidavit). MR-11 (RR p. 14) & MR-2 p. 6. No one objected at that point. Also, Ms. Marks' attorney likely understood the facts in the affidavit were being

---

based on personal knowledge on the sole contested issue); *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding attorney's unsworn statements tendered as evidence were sufficient absent objection); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

considered, because after the court referred to that and asked if she was taking anything else, Ms. Marks's attorney responded: "What I have, Judge, is she's prescribed Prozac, Latuda, and Adderall." MR-10 (RR p. 14).

Ms. Mark's attorney then asserted she had been cleared on drug tests before and represented: "**she has taken voluntarily and she's told me she would still take voluntarily**." MR-10 (RR p. 14) (emphasis added). The Department's attorney responded: "**he's saying that she's voluntarily willing to take a drug test. That's what we're asking for, her to take a drug test and show that it's negative**." MR-10 (RR p. 1). The Department added that the Department would be happy to look at any prescriptions she offered but added that the Department had different facts about prescriptions each time CPS spoke with her and had been trying for months to get this information without cooperation. MR-10 (RR p. 16).

At the conclusion of the hearing, the court advised that she was going to order the mother to take a drug test and that it would be sealed so that only the attorneys could view it. MR-10 (RR p. 18). The court advised if the drug test is positive to let the court know, and the court presumed the matter would be dismissed if not. RR p. 19.

That same day, Ms. Marks filed a *pro se* Petition for Mandamus asking this court for emergency relief suspending the court's order and to declare that the court's order was contrary to statutory and constitutional rights and void. Petition

5

for Mandamus of *Ms. Marks* filed January 27, 2015. On that same date, however, she submitted a supplement to her mandamus admitting she submitted to the drug test but claimed "the drug testing is still ongoing." Supplement to Petition for Mandamus (Filed January 27, 2015). Neither the Petition nor the Supplemental Petition of Mandamus provided this court with the Affidavit attached to the Department's petition, and neither acknowledged the facts presented at the subject hearing as well as the obvious reference to facts from the affidavit during the hearing.

On January 29 2015, this court requested a response to Ms. Marks' pro se petition within 30 days. Prior to the responsive date, Ms. Mark's second attorney, Steven Poock, filed a document entitled "Second Supplemental Petition for Writ of Mandamus." Essentially, it requested that this court order the judge to vacate the orders in the case, dismiss the Department's petition, declare the procedures violated law and direct the judge to follow the law.

In the meantime, the Department filed notice of non-suit, and on February 17, 2015, the court dismissed the Department's petition. On March 2, 2015, the Department filed a Mandamus Record that included the non-suit order as well as the material documents and record that were omitted from the record presented by Relator with the Petition for Mandamus. *See* MR 8-9; MR 2 & 11.

On March 5, 2015, this court entered an order expressing that it read the Department's mandamus record and concluded it appeared there no longer was a controversy over which mandamus could apply. The court, therefore, asked for a response within 14 days.

On March 11, 2015, Ms. Marks, through her attorney, responded to this court's order and claimed that this court retained jurisdiction, because Ms. Marks filed a counterclaim for affirmative relief under Chapter 105 of the Civil Practice & Remedies Code against the Department, and claimed mandamus relief would be necessary if the Department ever sought an order for drug testing again. Ms. Marks also filed an objection to the affidavit filed with the Department's petition and affirmatively stated "this exhibit was not served on *Kimberly Marks*, was never served, presented or made available to Counsel, was never offered as evidence, and was never admitted as evidence." Relator's Objection to Exhibit MR-2 p. 1. It was further claimed that "Counsel for Kimberly Marks was completely unaware of the affidavit until it was filed with the appellate court." *Id.*

**2.** **Kimberly Marks lacks a meritorious basis to object to the affidavit filed with the trial court in this mandamus proceeding when she never objected that she was not served the affidavit before or during the hearing to which this mandamus relates, and the affidavit was clearly referenced at the subject hearing, and well as in the petition she answered.**

For the first time, long after the hearing that resulted in the order Relator complains about, Relator files an "objection" to the Affidavit that was filed in the

7

trial court and expressly incorporated as part of Department's petition by language in the first paragraph of the Department's petition. MR-2 p. 1. Relator does not cite any authority for bringing an "objection" for the first time on appeal, and the undersigned knows of no legal basis to do so. In addition, Tex. R. App. P. 33.1 clearly requires complaints be first presented to the trial court first before they are urged to the appellate court. Therefore, the undersigned attorney knows of no meritorious basis for this court to review or grant Relator's claim.

Moreover, it seems somewhat disingenuous considering Relator filed her mandamus petition to challenge the trial court's ruling from a hearing in which the affidavit was clearly referenced during the hearing, and Relator never included that hearing or the affidavit in her Mandamus Record. *See* MR-11. The Department had to request it and include it. Consequently, her objection kind of emphasizes that Relator acted in bad faith, as described in Tex. R. App. P. 52.11(d), "because of the omission of obviously and important and material evidence or documents." Not only was the subject hearing that was the basis of the order she complained about in this proceeding omitted from Relator's Mandamus Record but so was the Affidavit which was referenced at the hearing and in the petition which Ms. Marks answered. This court should, therefore, reject this complaint as frivolous and dismiss and/or deny it.

### 3.    Relator's claim for mandamus relief is moot.

The Department disagrees with Relator's position that there is still a live controversy entitled to mandamus relief.  In this mandamus proceeding, besides failing to provide this court with the relevant evidentiary facts admitted in connection with the order Relator complained about to this court, Relator did not provide this court with a copy of the order that non-suited the Department's suit. That is significant, because the non-suit mooted Relator's claims for mandamus relief and established there is no live controversy subject to review by this court.

A case becomes moot when no judiciable controversy continues to exist between the parties.  *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012).  In this case, when the original pro se Petition for Mandamus was filed, Relator claimed she there was a live controversy from which she needed declarations about the invalidity of the trial court's order and claimed that "Drug testing is still ongoing," Petition for Mandamus Supplement to Petition for Writ of Mandamus (filed 1/27/15).  However, since that time, she admitted she submitted to a drug test and the record establishes the Department non-suited and no longer maintains a suit seeking any orders against Ms. Marks.  Consequently, there is no live judiciable controversy from which this court can issue an order.  As explained by this court in *Johnson v. Texas Serenity Academy, Inc.,* No. 01-14-00438-Cv, 2015 WL 1135947 (Tex. App.—Houston [1st Dist.] 2015, no pet. h.), once a final

9

order is rendered in a case, temporary orders become inoperative and "the issue of its validity is moot." *Id.* \*4.

Also, the request for declaratory directives to the trial court as described in the supplemental petitions filed in this mandamus would clearly amount to impermissible advisory opinions. *See Nat'l Collegiate Athletic Ass'n v. Jones,*1 S.W.3d 83, 86 (Tex. 1999). Relator's response to this court claims this court has authority to consider her claims for advisory opinions based on the exception announced in *Williams v. Lara*, 52 S.W. 3d 171, 184 (Tex. 2000) of "capable of repetition, yet evading review." However, as explained in that case, that exception only applies if "a reasonable expectation exists that the same complaining party will be subjected to the same action again." *Id.* Because the Department no longer maintains a suit to seek orders for services by Relator, any suggestion that it will be sought in the future is merely speculative. Consequently, there is no proof of the capable-of-repetition standard provided under the mootness doctrine.

In addition, Relator acknowledges in her most recent supplementation to this court that she maintains an action for damages against the Department under Chapter 105 of the Family Code. That chapter permits damages against the State under a procedure in which the party proves the agency sought an action that was frivolous, unreasonable or without foundation. *See* Tex. Civ. Prac. & Rem. Code §105.003 (West 1998). Those findings are essentially the same relief that Relator

wants in the form of declarations from this court. Consequently, this circumstance does not warrant extraordinary mandamus relief. Mandamus relief is only available when a relator cannot obtain adequate remedy on appeal. *In re Ford Motor Co.*, 442 S.W.3d 265, 269 (Tex. 2014). Relator has adequate remedies at trial, which may be challenged through the regular appeal process. Extraordinary relief is not warranted and Relator provides no basis from which to conclude that extraordinary relief is required in this circumstance. This court should, therefore, dismiss and/or deny the mandamus proceeding.

## PRAYER

For these reasons, the Department asks that this court deny the request for objections to the affidavit filed in the trial court and included in the mandamus record and further requests that this court deny and/or dismiss the mandamus petition and for such other and further relief to which the Department may be entitled in law or in equity.

Respectfully submitted,

VINCE RYAN
County Attorney (#99999939)

By: */s/ Sandra D. Hachem*
Sandra D. Hachem
State Bar #08667060
Assistant County Attorney
SBN 08667060
1019 Congress, 17th Floor
Houston, Texas 77002

11

Phone: (713) 274-5293
Fax:  (713) 437-4700
ATTORNEY FOR REAL PARTY
IN INTEREST
DEPARTMENT OF FAMILY &
PROTECTIVE SERVICES,


## *CERTIFICATION OF FACT STATEMENTS*

The Department of Family & Protective Services' Attorney of Record, Sandra Hachem, certifies that she has reviewed the foregoing response concluded that every factual statement therein is supported by competent evidence included in the Mandamus Records filed in this proceeding.

*/s/ Sandra Hachem*
SANDRA HACHEM

## CERTIFICATE OF SERVICE

This is to certify that on this  19th day of March, 2014, a true and correct copy of the foregoing motion was served on the below listed parties as follows:

**To Relator,  Kimberly Marks by and through her lead counsel, Steven Poock, by email at:        spoock@juno.com**

Also on this same date, a true and correct copy of the foregoing notice was served on the below listed parties by first class mail, properly addressed with proper postage, as follows:

**Respondent,**
Honorable Lisa Millard
Harris County Courthouse
310th Family Court
201 Caroline, 15th Floor
Houston, Texas 77002

**Interested Party**
Damon Wayne Marks
1008 Railroad,
Thornton, Texas  76687

                              */s/ Sandra Hachem*
                              Sandra Hachem
                              Assistant County Attorney