

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00194-CV

**DTND SIERRA INVESTMENTS, LLC**,
Appellant

v.

**COMPASS BANK**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18326
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: March 18, 2015

AFFIRMED

DTND Sierra Investments, LLC appeals the trial court's judgment, in which the trial court awarded Compass Bank $7,560.36 as a sanction against DTND and its counsel, the Law Offices of David Schafer, PLLC.[1] In three issues, DTND argues the trial court abused its discretion because (1) the sanctions order had no basis in law or fact; (2) the sanction was improper based on evidence in the record; and (3) the sanction was excessive in relation to Compass's actual injury. We affirm.

---

[1] No notice of appeal was filed on behalf of the Law Offices of David Schafer.

## BACKGROUND

DTND, through its counsel Roland T. Funari of the Law Offices of David Schafer, filed a verified original petition and application for temporary restraining order and temporary injunction. DTND alleged it had purchased residential property at a foreclosure sale and Compass sought to wrongfully foreclose on the property without proper notice. DTND sought to prevent Compass's foreclosure by applying for a temporary restraining order, which the trial court granted for fourteen days until the date of the temporary injunction hearing. DTND did not notify Compass when it sought a hearing on its application for temporary restraining order.

Before the hearing on DTND's application for temporary injunction, DTND filed a notice of nonsuit, stating it no longer intended to prosecute the action. DTND did not send a copy of the notice of nonsuit to Compass.

Prior to the expiration of the trial court's plenary power, Compass moved for sanctions against DTND and the Law Offices of David Schafer, seeking an award of its reasonable expenses, including attorney's fees. Among the grounds for the motion for sanctions was an allegation that DTND falsely pleaded Compass did not give DTND timely notice of the foreclosure sale.

Following a hearing on Compass's motion for sanctions and a hearing on DTND's motion to modify judgment, the trial court rendered a final judgment ordering DTND and the Law Offices of David Schafer to pay Compass $7,560.36. The trial court specified the grounds for the order under Chapter 10 of the Civil Practice & Remedies Code, Rule 13 of the Texas Rules of Civil Procedure, and under its inherent authority:

> 1. The violation of Bexar County Local Rules for failure to provide notice that [DTND] was seeking an ex-parte Temporary Restraining Order without notifying [Compass], especially in light of the fact that the attorney for [Compass] called [DTND]'s attorney to let them know of their desire to be heard should [DTND] seek one;

2. [DTND] (via [its] Attorney) signed a verified Pleading stating that [DTND] did not receive notice of the foreclosure sale even though they did in fact receive notice of the foreclosure sale;

3. [DTND]'s Attorney's [sic] sent direct communication to [Compass] even though it had actual knowledge that [Compass] was represented by counsel.

DTND now appeals.

## STANDARD OF REVIEW

We review a trial court's award of sanctions for an abuse of discretion. *Herring v. Welborn*, 27 S.W.3d 132, 143 (Tex. App.—San Antonio 2000, pet. denied). When reviewing a trial court's ruling for an abuse of discretion, we may not substitute the trial court's judgment for our own. *Schlager v. Clements*, 939 S.W.2d 183, 191 (Tex. App.—Houston [14th Dist.] 1996, writ denied). We are limited to determining whether the trial court abused its discretion by acting arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplying the law to the established facts of the case. *Id.* In deciding whether sanctions constitute an abuse of discretion, we examine the entire record. *Herring*, 27 S.W.3d at 143. We review the conflicting evidence in the light most favorable to the trial court's ruling and draw all reasonable inferences in favor of the trial court's judgment. *Id.*

## AUTHORITY TO AWARD SANCTIONS

In its first and second issues, DTND argues the trial court lacked authority to award sanctions based on the evidence in the record.

The trial court's order states the sanctions award was based, in part, on DTND and the Law Offices of David Schafer's violation of chapter 10 of the Civil Practice & Remedies Code. Section 10.001(3) provides the signing of a pleading or a motion "constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry . . . each allegation . . . in the pleading or motion has evidentiary support." TEX. CIV. PRAC. &

REM. CODE ANN. § 10.001(3) (West 2002). A party violates § 10.001 by filing a signed pleading that makes a false allegation resulting from the failure to make a "reasonable inquiry." *See id.*; *Low v. Henry*, 221 S.W.3d 609, 615 (Tex. 2007). An award of sanctions under chapter 10 does not require a finding of bad faith or malicious intent. *See Low*, 221 S.W.3d at 617.

At the hearing on Compass's motion for sanctions, counsel for Compass, Selim Taherzadeh, stated he sent a timely notice of foreclosure to DTND. Funari admitted DTND received the letter, but Funari stated DTND did not inform him of the letter. Taherzadeh stated DTND is owned by Funari's boss, David Schafer, and DTND and the Law Offices of David Schafer share the same address. When discussing the law firm's alleged failure to receive Compass's notice of foreclosure, Funari stated, "That was a mistake in our office."[2] The record supports a finding that Funari violated section 10.001 by signing a false pleading because he failed to make a reasonable inquiry into whether DTND received timely notice of the foreclosure. *See, e.g.*, *id.* at 616-17 (holding the signature on a pleading alleging that doctors prescribed medication despite the signatory's possession of documents conclusively proving otherwise violated § 101.001). Therefore, the trial court had the authority to award Compass sanctions as provided by chapter 10 of the Civil Practice & Remedies Code.

### AMOUNT OF SANCTIONS AWARD

In its third issue, DTND argues the sanction for $7,560.36 was excessive in relation to the misconduct and the degree of harm to Compass, and the trial court erred in not considering a lesser monetary sanction because "the only possible harms suffered by [Compass] . . . was that it had to

---

[2] Neither Taherzadeh nor Funari were placed under oath. However, DTND does not specifically complain about this on appeal, and DTND did not object to the trial court not placing Taherzadeh under oath despite testimony being offered about what transpired between the attorneys. Furthermore, Funari invited the trial court to consider his arguments as testimony on the issues before the trial court. Therefore, the representations of counsel about their correspondence with each other is part of the record we review on appeal. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997).

wait approximately 30 days to foreclose on the subject property." DTND suggests that an appropriate sanction "should be no more than $1,000."

When a pleading is filed in violation of section 10.001, a trial court may order a party and its counsel to pay all reasonable expenses, including attorney's fees, incurred by the movant because of the filing of the pleading. TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a), (c)(3). A trial court's sanction for violating § 10.001 "must be limited to what is sufficient to deter repetition of the conduct." *Id.* § 10.004(b). A trial court abuses its discretion when it awards such a monetary sanction "without reference to any guiding rules or principles, not when it simply exercises that discretion in a different manner than reviewing appellate courts might." *Low*, 221 S.W.3d at 619-20.

Taherzadeh stated Compass's attorney's fees and expenses totaled $7,560.36. He explained Compass incurred attorney's fees preparing for the motion for sanctions and preparing for a preliminary injunction hearing under the impression he was under severe time limitations, due to DTND and the Law Offices of David Schafer's failure to timely inform him of the nonsuit. Taherzadeh explained Compass's expenses were "a little higher than normally would be" because his office is in Dallas and there were additional travel expenses because the hearing on Compass's motion for sanctions was rescheduled.

Taherzadeh stated he conducted background research on DTND and the Law Offices of David Schafer to demonstrate a pattern of misconduct. He presented the trial court with several other cases in which DTND and the Law Offices of David Schafer had obtained temporary restraining orders to delay lienholders' valid foreclosures for thirty days so DTND could collect rent. DTND would thereafter nonsuit the case. Taherzadeh stated that DTND had filed fifty other similar lawsuits and that motions for sanctions against DTND were pending in other courts. Taherzadeh argued that because this pattern of conduct was part of DTND's business model of

making money, an award of the full $7,560.36 in expenses was necessary to deter future misconduct.

The record does not support DTND's contention that "the only possible harms suffered by [Compass] . . . was that it had to wait approximately 30 days to foreclose on the subject property," which cost Compass no more than $1,000 in expenses. Although DTND argues the trial court stated the award was excessive, the trial court's comment reads as follows in the record: "I know the attorney's fees appear excessive; counsel is from out of town." The trial court then stated that "based on what's happening, I need to make sure it's a substantial sanction so it doesn't happen again." To the extent DTND relies on the trial court's comments in the record, the comments suggest the trial court's award was made with reference to "what [wa]s sufficient to deter repetition of the conduct." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(b); *see also Low*, 221 S.W.3d at 620 (explaining a trial court abuses is discretion when it awards sanctions without reference to guiding rules and principles). The record supports the amount of the trial court's award of sanctions was not excessive in relation to Compass's actual expenses or made without reference to guiding rules and principles.[3]

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

---

[3] Because we hold the trial court had the authority to award Compass its reasonable expenses of $7,560.36 under Chapter 10 of the Civil Practice & Remedies Code because DTND through its counsel filed a false pleading without making a reasonable inquiry, we need not address whether Funari's violation of a local rule or direct communication with Compass would be sufficient to sustain the same award. *See* TEX. R. APP. P. 47.1.