

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00378-CV

IN THE INTEREST OF J.T., J.T.,
AND J.T., THE CHILDREN

----------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 14-01852-393

----------

## MEMORANDUM OPINION[1]

----------

After a jury trial, the jury and the trial court both found by clear and convincing evidence that termination of the parent-child relationships between the parents J.C.T. (Father) and C.N.T. (Mother) and children J.T., J.T.2, and J.T.3 was in the children's best interest.[2]   Further, based on the parties'

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Fam. Code Ann. § 161.001(2) (West 2014).

stipulations, the trial court found that both parents had previously had "parent-child relationship[s] terminated with respect to another child based on a finding that the parent's conduct was in violation of Paragraph (D) or (E) of § 161.001 Texas Family Code or substantially equivalent provisions of the law of another state" and that both parents "ha[d] been placed on deferred adjudication community supervision for being criminally responsible for the serious injury of a child under Section 22.041 (Endangering Child) of the Texas Penal Code."

Thus, the trial court found clear and convincing evidence of two "conduct" grounds of termination.[3] Only Mother appeals. She does not challenge the sufficiency of the evidence supporting termination. Instead, in her sole issue, she questions,

> Does a trial court have a duty to monitor, evaluate, and approve the reasonableness of the . . . efforts [of the Texas Department of Family and Protective Services (TDFPS)] to make it possible for the children to safely return to their home beyond the initial approval of a parent's service plan? If so, did the trial court err by failing to grant [Mother]'s motion for directed verdict at the time of trial?

Because we hold that Mother did not present this issue or any underlying request for an extension or continuance to the trial court for a ruling and did not timely present to the trial court the alternative issue that TDFPS did not make reasonable efforts to preserve and unify the family, we affirm the trial court's judgment.

---

[3] *See id.* § 161.001(1)(L)(x), (M).

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion.[4] If a party fails to do this, error is not preserved, and the complaint is waived.[5] Further, the complaint on appeal must be the same as that presented in the trial court.[6] An appellate court cannot reverse based on a complaint not raised in the trial court,[7] nor can it reverse on "unassigned error," that is, a ground not presented in the appellate briefs.[8]

After the close of evidence and outside the jury's presence, Mother's attorney stated,

> Your Honor, at this time I move for directed verdict based upon a specific ground, failure on the part of [TDFPS] to make reasonable efforts to return the children to their parents. This stems from due process clauses of Texas and Federal Constitution, as well as statutory provisions under the Texas Family Code 263.102.

He subsequently argued that TDFPS should have paid for inpatient treatment for Mother. TDFPS's alleged unconstitutional failure to make reasonable efforts to

---

[4]Tex. R. App. P. 33.1(a); *see also* Tex. R. Evid. 103(a)(1).

[5]*Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

[6]*See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997).

[7]*Id.*

[8]*Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998); *see* Tex. R. App. P. 53.2(f); *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008).

3

return the children to their parents is a different question than Mother now raises on appeal. Because Mother did not timely present her express appellate issue to the trial court and because it does not comport with her complaint made in the trial court, she has failed to preserve it for review.

Mother also complains within the discussion of her appellate issue that

the trial court had a duty to grant [her] directed verdict and give [her] more time to complete her services at the level required by her service plan with the financial assistance of [TDFPS, and]

. . . .

[t]he dismissal date (March 23, 2015) was still almost 5 months from the last day of trial. The trial court should have granted a directed verdict against [TDFPS] as far as termination was concerned and maintained [TDFPS] as Temporary Managing Conservator of the children until such time as [Mother] completed her in-patient services (provided by [TDFPS]) or a resolution of the case was required by TFC 263.401 (dismissal one year from [TDFPS's appointment as] temporary managing conservator).

To the extent that Mother complains on appeal about not having more time to complete inpatient treatment, the record does not reveal that she ever filed a motion for continuance of trial or a motion to extend the dismissal deadline or otherwise timely sought relief from the trial court. She therefore also failed to preserve that issue.

Finally, to the extent that Mother raises the complaint here that was included in her complaint below—that TDFPS failed to make reasonable efforts to reunite the family by not paying for inpatient treatment—we hold that such complaint, raised first after the close of evidence in the termination trial and

outside the jury's presence, was untimely. TDFPS discussed inpatient treatment with Mother soon after the March 2014 removal, both before and after Mother was jailed for child endangerment. In mid-June, TDFPS provided a nonexhaustive list of seven facilities and explained to Mother the protocol and steps to follow in attempting to secure a place in a treatment facility. Four months after the removal, Mother finally applied to one facility and was denied admission on July 18, 2014. Only then did TDFPS recommend intensive outpatient treatment again. Mother never brought her complaint to the trial court's attention for a ruling until after the jury had heard all the evidence in the termination trial. We hold that under these facts, Mother's complaint—raised approximately eight months after she was told to undergo inpatient treatment, almost four months after she was denied admission to a single facility, and after the close of evidence—was too late.[9]

---

[9] *See Kaufman v. Comm'n for Lawyer Discipline*, 197 S.W.3d 867, 875 (Tex. App.—Corpus Christi 2006, pet. denied) ("Although Kaufman objected to the closing argument after the case was submitted to the jury for deliberation, he did not object at the time of the alleged 'pot shots' or during closing argument. We conclude that the objection was not timely."), *cert. denied*, 552 U.S. 935 (2007); *Neurobehavioral Assocs., P.A. v. Cypress Creek Hosp., Inc.*, No. 01-00-01330-CV, 2002 WL 1164424, at *2 (Tex. App.—Houston [1st Dist.] May 30, 2002, pet. denied) (holding objections to pretrial rulings raised first in a motion for directed verdict or motion for new trial untimely and stating, "Parties must timely object to legal issues so the jury can properly perform its factfinding role."); *In re A.C.*, 48 S.W.3d 899, 905 (Tex. App.—Fort Worth 2001, pet. denied) (holding complaint made first in A.C.'s first amended motion for new trial when he had notice of the issue before trial and during both phases was untimely).

Because Mother did not preserve her complaints raised on appeal, we overrule her sole issue and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, J.; LIVINGSTON, C.J.; and GARDNER, J.

GARDNER, J., dissents without opinion.

DELIVERED:  May 14, 2015