

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00821-CV

Billy Albert **TOMES** d/b/a Bexar County Customs,
Appellant

v.

Justin **THOMPSON**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2015CV02126
Honorable Karen Crouch, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Jason Pulliam, Justice

Delivered and Filed:  October 5, 2016

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

In this restricted appeal, Billy Albert Tomes challenges the trial court's no-answer default judgment in favor of Justin Thompson. Tomes argues the evidence is insufficient to support the awards of damages and attorney's fees. We agree and we therefore reverse the judgment in part and remand the case to the trial court for a new trial on damages.

Thompson filed suit against Tomes in April 2015. Thompson alleged in his petition that he took his 1957 Chevrolet Bel Air to Tomes's shop for restoration and made payments to Tomes totaling $ 9,270, but that Tomes failed to perform any work on the car. Thompson alleged he took

possession of his car and that it will cost him $11,000 "to restore the Chevy to its previous condition." Thompson asserted claims for violations of the Texas Deceptive Trade Practices Act, common law fraud, negligence, breach of contract, and quantum meruit. In addition, Thompson alleged that Tomes had been unjustly enriched in the amount of $523,030. Thompson sought actual damages, treble damages, punitive damages, attorney's fees, and interest. The petition was not sworn and did not have any documents attached.

Tomes failed to answer and the trial court signed a default judgment. The judgment awards Thompson $20,270 for breach of contract, $20,270 for unjust enrichment, $20,270 for fraud, $60,810 for actual and multiple damages under the Texas Deceptive Trade Practices Act, $100,000 in exemplary damages, $6,932.34 in prejudgment interest, and $1,500 for attorney's fees. Tomes did not file any postjudgment motions, but filed a restricted appeal in which he contends there is legally insufficient evidence to support the damage awards and legally and factually insufficient evidence to support the award of attorney's fees.

To prevail on his restricted appeal, Tomes "must establish that: (1) [he] filed notice of the restricted appeal within six months after the judgment was signed; (2) [he] was a party to the underlying lawsuit; (3) [he] did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* TEX. R. APP. P. 26.1(c), 30. The record clearly establishes the first three elements, and the only element in dispute is whether there is error apparent from the face of the record. "The face of the record, for purposes of [a restricted appeal], consists of all the papers on file in the appeal, including the [reporter's record]." *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). Our review in a restricted appeal may include legal and factual insufficiency claims. *Id.*

When a default judgment is taken against a non-answering defendant, all allegations of material fact properly pled in the petition are deemed admitted, except for the amount of unliquidated damages. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). The trial court must hear evidence as to damages unless the damages sought are liquidated and proved by an instrument in writing. TEX. R. CIV. P. 241, 243. The plaintiff must prove by competent evidence both the amount of his unliquidated damages and the causal nexus between the event sued upon and his injuries. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731-32 (Tex. 1984).

In this case, the trial court held a hearing on the record before signing the judgment. The record reflects that Thompson did not appear, and only his attorney was present. Counsel did not present any witnesses or affidavits to support Thompson's claims for actual damages. Instead, counsel made the following unsworn statement to the court:

> We filed suit against Mr. Tomes on April 7, 2015. He has not filed an answer. Your Honor, and [sic] June 2013 the plaintiff brought his 1957 Chevrolet bell air [sic] into you [sic] for restoration which is worth 40,000 dollars. He paid Mr. Tomes $3,925 down for the work. And $520 for the rims and tires. He made additional payments of $1000 and $300 on July 11, $275 on June 12, $500 on June 19. And a final payment of 2500 on December 20. Mr. Thompson took possession of the car from Mr. Tomes and he did not do any of the work and my client paid him, it's going to cost him a thousand dollars to restore the Chevy to its previous condition.

Counsel's statement to the court was almost a verbatim recitation of the factual allegations in the petition.

Tomes contends that counsel's statements to the court did not constitute competent evidence because counsel was not sworn, the statements were not shown to be based on personal knowledge, and counsel could not properly serve dual roles as lawyer and fact witness for his client. He argues the evidence is therefore legally insufficient to support the awards of actual damages. Thompson contends that counsel's unsworn statements must be considered evidence

because Tomes failed to preserve any error by not objecting, and he argues that counsel's statements alone are legally sufficient to support the award of actual damages.

Statements made to the court by an attorney are generally not considered evidence unless the attorney has been sworn. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam). "[T]he opponent of the testimony can waive the oath requirement by failing to object when the opponent knows or should know that an objection is necessary." *Id.* This court has held that no waiver will be found based on a lack of objection when neither the opponent of the testimony nor his counsel is present. *In re L.M.Q.*, No. 04-04-00085-CV, 2005 WL 954284, at *1 (Tex. App.— San Antonio, April 27, 2005, no pet.) (mem. op.); *In re B.N.B.*, No. 04-04-00026-CV, 2005 WL 236665, at *3 (Tex. App.—San Antonio Feb. 2, 2005, no pet.) (mem. op.). "Under those circumstances, the opponent of the testimony did not know and could not have known that an objection was necessary." *In re B.N.B.*, 2005 WL 236665, at *3.

Neither Tomes nor an attorney acting on his behalf was present at the default judgment hearing. In this circumstance, we hold the oath requirement was not waived and counsel's unsworn statements to the court do not constitute evidence. Thompson thus failed to prove the amount of his unliquidated damages and we must reverse the damage awards. Further, because there is no evidence to support an award of actual damages, the exemplary damages, DTPA additional damages, and award of attorney's fees must also be reversed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.004 (West 2015) (recovery of more than nominal damages is prerequisite to award of exemplary damages); TEX. BUS. & COMM. CODE ANN. § 17.50(b)(1), (h) (West 2011) (award of DTPA multiple damages is contingent on award of actual economic damages); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (holding that to recover attorney's fees in breach of contract action, party must prevail and recover damages.); *Nabours v. Longview Sav. & Loan Ass'n*, 700 S.W.2d 901, 905 (Tex. 1985) (award of statutory damages under DTPA required before

attorney's fees may be awarded).  Because there is a complete absence of evidence of damages, the evidence is legally insufficient to support the judgment.  *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

We therefore affirm the judgment of liability, reverse the awards of damages and attorney's fees, and remand the case for a new trial on the issue of unliquidated damages.  *See Holt Atherton*, 835 S.W.2d at 86.

Luz Elena D. Chapa, Justice